Richards v. Sessions

BIA
Mulligan, IJ
A038 738 677

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand seventeen.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> Circuit Judges.

_____

ANDERSON NEIL RICHARDS, AKA
ANDERSON RICHARDS,

> Petitioner,

> v.                                                         16-775

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,

**Respondent**.

_____

FOR PETITIONER:          William M. Jay, Goodwin Procter LLP, Washington, DC; David J. Zimmer, Goodwin Procter LLP, San Francisco, CA.

FOR RESPONDENT:       Benjamin C. Mizer, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

FOR AMICI CURIAE:     Andrew Wachtenheim, Immigrant Defense Project, New York, NY.

UPON DUE CONSIDERATION of this petition for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Anderson Neil Richards, a native and citizen of Trinidad and Tobago, seeks review of a June 20, 2014 decision of the BIA remanding to permit the Government to submit the plea transcript from Richards' underlying conviction, and a February 22, 2016 decision of the BIA affirming an order of removal entered by the Immigration Judge ("IJ"). In re Anderson Neil Richards, No. A038 738 677 (B.I.A. June 20, 2014, Feb. 22, 2016), aff'g No. A038 738 677 (Immig. Ct. N.Y. City Oct. 22, 2014, Dec. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. Maghradze v. Gonzales, 462 F.3d 150, 152-53 (2d Cir. 2006).

## I.    Background

The Department of Homeland Security ("DHS") charged Richards as removable under 8 U.S.C. § 1227(a)(2)(E)(i) for having been convicted of a crime of child abuse based on his conviction for endangering the welfare of a child in violation of New York Penal Law ("NYPL") § 260.10.   DHS alleged that Richards' conviction was under subsection 1 of NYPL § 260.10, and as evidence of that conviction, it initially submitted a misdemeanor complaint and a certificate of disposition.   Despite the IJ's repeated requests for additional evidence to clarify whether Richards was convicted under subsection 1 or 2 of NYPL § 260.10, DHS refused, arguing that the misdemeanor complaint and certificate of disposition were sufficient to establish that Richards was convicted under subsection 1, and alternatively, that both subsections were child abuse offenses for immigration purposes.

In an intervening appeal, the BIA initially concluded that DHS' evidence was sufficient to establish the subsection under which Richards was convicted. Later, the BIA concluded that [a], DHS' evidence was insufficient to establish the relevant subsection of conviction, and [b], given the BIA's assumption that subsection 2 was not a removable offense, DHS failed to sustain its burden of proving that Richards was removable as charged.   However, rather than terminate Richards' removal proceedings, the BIA remanded to permit DHS to submit additional evidence in support of removability, or for the IJ to terminate proceedings.   On remand, DHS submitted the transcript of Richards' plea.   The IJ and then the BIA concluded that the plea transcript established that Richards had been convicted under subsection 1 of NYPL § 260.10, which, the BIA further held, was categorically a crime of child abuse under Matter of Mendoza Osorio, 26 I. & N. Dec. 703, 712 (B.I.A. 2016).

## II.    BIA Remand

Richards challenges the BIA's second remand of his case, arguing that the BIA lacks authority to remand for the Government to submit additional evidence of removability that was previously available and which it had ample opportunity to submit in connection with the initial proceedings.[*]   The

---

[*] Contrary to the Government's contention, Richards' failure to cite a specific regulatory provision on appeal to the BIA did not amount to a failure to exhaust given that

3

Immigration and Nationality Act ("INA") and the agency's regulations prohibit the BIA from granting a noncitizen's motion to remand proceedings for consideration of evidence that was previously available. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Similarly, both this Court and the BIA have held that the BIA is not permitted to grant a Government motion to remand to present previously available evidence of removability. See Johnson v. Ashcroft, 378 F.3d 164, 171-72 (2d Cir. 2004); see also Matter of Guevara, 20 I. & N. Dec. 238, 245-48 (B.I.A. 1991). If, on appeal, the BIA determines that the Government has not produced sufficient evidence to establish a noncitizen's removability, the proper course is for the BIA to terminate removal proceedings rather than remand to provide the Government a second chance to present evidence that it could have previously presented before the IJ. See Johnson, 378 F.3d at 171; see also Matter of Guevara, 20 I. & N. Dec. at 245-48.

Since the regulations do not permit the BIA to grant a motion to remand for the submission of previously available evidence of removability (and since, in any case, no such motion was filed here), the BIA presumably remanded pursuant to the sua sponte reopening authority it retains in 8 C.F.R. § 1003.2(a). However, the BIA did not so state, nor did it explain why a sua sponte remand was appropriate under the circumstances. "[T]he general [sua sponte] authority conferred upon the BIA by the Attorney General in § 1003.2(a), which may be exercised at any time, is not absolute." Xue Yong Zhang v. Holder, 617 F.3d 650, 661 (2d Cir. 2010) (internal quotation marks and brackets omitted). The BIA has explained that its sua sponte authority is:

> not . . . a general remedy for any hardships created by enforcement of the . . . limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations . . . It would be inappropriate to expansively employ this authority in a manner that contravened the intentions of Congress or failed to give effect to the comprehensive regulatory structure in which it exists.

In re G-D-, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999); see also In re J-J-, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the

---

Richards' brief clearly argued that remand for consideration of previously available evidence was inappropriate. See Gill v. INS, 420 F.3d 82, 86-87 (2d Cir. 2005).

regulations, where enforcing them might result in hardship."). Thus sua sponte action has been deemed appropriate when a profound change in law renders a noncitizen eligible for relief from removal, and the BIA routinely grants such relief when a noncitizen is no longer removable given vacatur of a predicate conviction; but sua sponte action is not appropriate to accommodate incremental changes in law that may enhance a claim for relief, or to overcome mine-run regulatory restrictions. See In re G-D-, 22 I. & N. Dec. at 1135; In re J-J-, 21 I. & N. Dec. at 984.

In Richards' case, the BIA erred by failing to identify its authority to remand for consideration of previously available evidence. See Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir. 2005) (noting that "we require a certain minimum level of analysis from the IJ and BIA opinions . . . and indeed must require such if judicial review is to be meaningful."). Moreover, if the BIA did intend to rely on its sua sponte authority, it did not either identify the exceptional circumstances warranting the exercise of such authority or explain why those circumstances were, in light of BIA precedent, deemed exceptional. Accordingly, we remand for the BIA either to explain its authority to remand under the circumstances, or to terminate removal proceedings against Richards.

We do not reach the remaining issues regarding removability: whether the plea transcript submitted on remand established that Richards pleaded guilty to subsection 1 of NYPL § 260.10, and if so, whether the BIA erred in concluding, in accordance with its precedential decision in Mendoza Osorio, 26 I. & N. Dec. 703, that a conviction under that subsection is categorically "a crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). Since we vacate the decision of the BIA in this case, the BIA may, in its discretion, wish to consider on remand whether the Supreme Court's recent decision in Esquivel-Quintana v. Sessions, 137 S. Ct. 1562 (2017) impacts the scope or framing of the BIA's decision in Matter of Soram, 25 I. & N. Dec. 378 (B.I.A. 2010), and if so, how. Finally, since Richards has now been in immigration detention for nearly six years--almost eight times as long as he spent in prison for the conviction underlying the proceedings in this case--we trust that the BIA will act with due dispatch to resolve Richards' case on remand. Accordingly, we ORDER that our own mandate shall issue forthwith.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for proceedings consistent with this order. As we have completed our review, the stay of removal that the

Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk