**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1854
_____

JOHANNS CUADROS ALMANZA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A043-119-288)
Immigration Judge: Honorable Earle B. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 15, 2017

Before:  CHAGARES, VANASKIE, and FUENTES, *Circuit Judges*

(Opinion filed:  January 10, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge.*

Johanns Cuadros Almanza challenges the Board of Immigration Appeals' (the "Board") dismissal of his appeal from an Immigration Judge's decision: (1) that he did not derive United States citizenship from his father's naturalization, (2) that he was removable, and (3) that he was not eligible for cancellation of removal. For the following reasons, we will deny the petition with respect to Almanza's derivative citizenship claim and dismiss the remainder of the petition for lack of jurisdiction.

**I.**

Because the facts are well-known to the parties, we discuss only those facts necessary to our disposition.

Almanza, a native and citizen of Peru, has lived in the United States as a lawful permanent resident since 1991. In 1999, Almanza was convicted on two counts of criminal sexual contact in violation of N.J. Stat. Ann. § 2C:14-3b. In his guilty plea colloquy, Almanza specifically pled guilty to subpart (4) of N.J. Stat. Ann. § 2C:14-2c which, in relevant part, criminalizes sexual contact where "[t]he victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim." Almanza was sentenced to 364 days' imprisonment, five years' probation, registration as a sex offender, counseling, and no contact with the victim.

In 2016, the Department of Homeland Security commenced removal proceedings against Almanza on three grounds: (1) as a lawful permanent resident convicted of an aggravated felony—specifically, sexual abuse of a minor; (2) as a lawful permanent resident convicted of a crime of violence, stalking, or child abuse, child neglect or child

2

abandonment; and (3) as a lawful permanent resident convicted of two crimes of moral turpitude.

Almanza offered two arguments in the proceedings before the Immigration Judge. First, Almanza maintained that he derived United States citizenship from his father's naturalization. Second, Almanza argued that his convictions did not render him removable. The Immigration Judge ruled against Almanza on each issue. Moreover, because the Immigration Judge found that he was convicted of an aggravated felony, Almanza could not apply for cancellation of removal.

Almanza appealed to the Board, which rejected his arguments and dismissed the appeal. Almanza filed a timely petition for review.[1]

## II.

Almanza makes two arguments on appeal. First, Almanza contends that the Supreme Court's recent decision in *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders former 8 U.S.C. § 1432(a)—which precludes his derivative citizenship claim—unconstitutional. Second, Almanza asserts that the Board erred in finding that his

---

[1] The Board exercised jurisdiction to review the Immigration Judge's final order of removal under 8 C.F.R. § 1003.1(b)(3). We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(1). However, "because [Almanza] is subject to removal based on an aggravated-felony conviction, the statute constrains our jurisdiction to constitutional claims or questions of law," which we review *de novo*. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (internal quotations and citation omitted).

conviction under § 2C:14-3b qualified as the aggravated felony of sexual abuse of a minor.[2] We will address each argument in turn.

## A.

In support of his derivative citizenship claim in his immigration proceedings, Almanza relied on former 8 U.S.C. § 1432(a)(3), which provides that a minor derives United States citizenship upon, *inter alia*, "[t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents."[3] To that end, Almanza established that his father was naturalized and had legal custody of him. Nevertheless, Almanza's argument below failed because his parents were never married, and thus could not have met the provision's "legal separation" requirement.[4]

Seemingly recognizing his ineligibility for derivative citizenship under that statute, Almanza maintains that *Morales-Santana* renders former 8 U.S.C. § 1432(a) unconstitutional on equal protection grounds. However, *Morales-Santana* is inapposite as it involved a different statute regarding the acquisition of citizenship at birth.[5] In contrast,

---

[2] Almanza has never challenged the Immigration Judge's determination that his offenses constituted crimes of child abuse and crimes of moral turpitude. Thus, those aspects of this case are not before us.

[3] Former 8 U.S.C. § 1432(a) was repealed and superseded by the Child Citizenship Act of 2000, which took effect on February 27, 2001. Nevertheless, the Child Citizenship Act does not apply to Almanza because he turned 18 years old before the effective date.

[4] *See Catwell v. Att'y Gen.*, 623 F.3d 199, 210 (3d Cir. 2010) ("While his father was naturalized before Petitioner's eighteenth birthday, his parents were never married, and therefore could not be legally separated.").

[5] *See* 8 U.S.C. §§ 1401(a)(7), 1409(c).

4

former 8 U.S.C. § 1432(a) addresses the acquisition of derivative citizenship on the naturalization of one or both parents.

Additionally, even assuming *arguendo* that former 8 U.S.C. § 1432(a) violated equal protection rights, *Morales-Santana* emphasized that its decision was prospective only.[6]  Here, Almanza's claim is governed by former 8 U.S.C. § 1432(a), the statute in place when he turned 18 years old.  Because Almanza did not meet former 8 U.S.C. § 1432(a)'s requirements, his derivative citizenship claim fails.

## B.

Almanza next argues that the Board erred in finding that his conviction under § 2C:14-3b was an aggravated felony that rendered him removable and ineligible for cancellation of removal.  We disagree.

"[S]exual abuse of a minor" is an "aggravated felony."[7]  In determining whether the Board properly found that Almanza was convicted of the aggravated felony of sexual abuse of a minor, we initially apply the categorical approach, analyzing "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."[8]

We have previously held that "sexual abuse of a minor" is defined by 18 U.S.C. § 3509(a)(8), which provides that "sexual abuse" covers "the employment, use, persuasion,

---

[6] *Morales-Santana*, 137 S. Ct. at 1701 (noting that § 1401(a)(7)'s five-year requirement would apply "prospectively" to children born to unwed U.S.-citizen mothers).

[7] 8 U.S.C. § 1101(a)(43)(A).

[8] *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)) (internal quotation marks omitted).

5

inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."[9]  In turn, 18 U.S.C. § 3509(a)(9) defines "sexually explicit conduct" to include "sexual contact[,]" which refers to "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person."

Accordingly, we first ask whether a conviction under § 2C:14-3b necessarily satisfies the above definition.  It does not.  Because a defendant can be convicted under § 2C:14-3b for sexual contact with an adult, a conviction under that statute does not categorically qualify as sexual abuse of a minor.[10]

However, where, as here, a statute has "multiple alternative elements," we may employ the modified categorical approach, in which we "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."[11]  Based on the plea colloquy transcript, we find that Almanza was convicted under § 2C:14-3b for committing an act of sexual contact under § 2C:14-2c(4).

The provision under which Almanza was convicted falls squarely within the definition set forth in §§ 3509(a)(8) and (9).  Section 2C:14-2c(4) criminalizes sexual

---

[9] *Restrepo v. Att'y Gen.*, 617 F.3d 787, 796 (3d Cir. 2010) (quoting § 3509(a)(8)).

[10] *See* N.J. Stat. Ann. § 2C:14-3c(1)-(2).

[11] *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

contact with a minor between the ages of 13 and 16 years old, satisfying the federal requirement that the sexual abuse target a "minor" under the age of 16.[12] Additionally, similar to its federal counterpart, New Jersey law defines "sexual contact" as "an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor."[13]

On the whole, Almanza's statute of conviction is not broader than the federal definition of sexual abuse of a minor. Quite the contrary, the "conduct that meets the federal definition of sexual abuse of a minor is *necessary* for a conviction under" § 2C:14-2c(4).[14] Accordingly, because Almanza's conviction categorically qualifies as sexual abuse of a minor, the Board correctly determined that Almanza was convicted of an aggravated felony and ineligible for cancellation of removal.

## III.

For the foregoing reasons, we will deny the petition for review with respect to the derivative citizenship claim and dismiss the remainder of the petition for lack of jurisdiction.

---

[12] *See Esquivel-Quintana*, 137 S. Ct. at 1568 ("[T]he generic federal definition of sexual abuse of a minor requires that the victim be younger than 16.").

[13] N.J. Stat. Ann. § 2C:14-1d.

[14] *Restrepo*, 617 F.3d at 792 (emphasis in original).

7