(Slip Opinion) OCTOBER TERM, 2016 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## ESQUIVEL-QUINTANA *v.* SESSIONS, ATTORNEY GENERAL

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 16–54.  Argued February 27, 2017—Decided May 30, 2017

Petitioner, a citizen of Mexico and lawful permanent resident of the United States, pleaded no contest in a California court to a statutory rape offense criminalizing "unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator."  Cal. Penal Code Ann. §261.5(c).  For purposes of that offense, California defines "minor" as "a person under the age of 18."  §261.5(a).  Based on this conviction, the Department of Homeland Security initiated removal proceedings under the Immigration and Nationality Act (INA), which makes removable "[a]ny alien who is convicted of an aggravated felony," 8 U. S. C. §1227(a)(2)(A)(iii), including "sexual abuse of a minor," §1101(a)(43)(A).  An Immigration Judge ordered petitioner removed to Mexico.  The Board of Immigration Appeals agreed that petitioner's crime constituted sexual abuse of a minor and dismissed his appeal.  A divided Court of Appeals denied his petition for review.

*Held*: In the context of statutory rape offenses that criminalize sexual intercourse based solely on the ages of the participants, the generic federal definition of "sexual abuse of a minor" requires the age of the victim to be less than 16. Pp. 2–12.

(a) Under the categorical approach employed to determine whether an alien's conviction qualifies as an aggravated felony, the Court asks whether " 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Moncrieffe* v. *Holder*, 569 U. S. 184, 190.  Petitioner's state conviction is thus an "aggravated felony" only if the least of the acts criminalized by the state statute falls within the generic federal definition of sexual abuse of a minor.  *Johnson* v. *United States*,

559 U. S. 133, 137.  Pp. 2–3.

   (b) The least of the acts criminalized by Cal. Penal Code §261.5(c) would be consensual sexual intercourse between a victim who is almost 18 and a perpetrator who just turned 21.  Regardless of the actual facts of the case, this Court presumes that petitioner's conviction was based on those acts.  Pp. 3–4.

   (c) In the context of statutory rape offenses that criminalize sexual intercourse based solely on the ages of the participants, the generic federal definition of "sexual abuse of a minor" requires that the victim be younger than 16.  The Court begins, as always, with the text. Pp. 4–7.

      (1) Congress added sexual abuse of a minor to the INA in 1996. At that time, the ordinary meaning of "sexual abuse" included "the engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity."  Merriam-Webster's Dictionary of Law 454.  By providing that the abuse must be "of a minor," the INA focuses on age, rather than mental or physical incapacity.  Accordingly, to qualify as sexual abuse of a minor, the statute of conviction must prohibit certain sexual acts based at least in part on the age of the victim. Statutory rape laws, which are one example of this category of crimes, generally provide that an older person may not engage in sexual intercourse with a younger person under the "age of consent." Reliable dictionaries indicate that the "generic" age of consent in 1996 was 16, and it remains so today.  Pp. 4–6.

      (2) The Government argues that sexual abuse of a minor includes any conduct that is illegal, involves sexual activity, and is directed at a person younger than 18.  For support, it points to the 1990 Black's Law Dictionary, which defined sexual abuse of a minor as "[i]llegal sex acts performed against a minor by a parent, guardian, relative, or acquaintance" and defined "[m]inor" as "[a]n infant or person who is under the age of legal competence," which in "most states" was "18." But the generic federal offense does not correspond to the Government's definition, for three reasons.  First, the Government's definition is inconsistent with its own dictionary's requirement that a special relationship of trust exist between the victim and offender. Second, in the statutory rape context, "of a minor" refers to the age of consent, not the age of legal competence.  Third, the Government's definition turns the categorical approach on its head by defining the generic federal offense as whatever is illegal under the law of the State of conviction.  Pp. 6–7.

   (d) The structure of the INA, a related federal statute, and evidence from state criminal codes confirm that, for a statutory rape offense based solely on the age of the participants to qualify as sexual

Syllabus

abuse of a minor under the INA, the victim must be younger than 16. The INA lists sexual abuse of a minor as an "aggravated" felony, §1227(a)(2)(A)(iii), and lists it in the same subparagraph as "murder" and "rape," §1101(a)(43)(A), suggesting that it encompasses only especially egregious felonies. A different statute, 18 U. S. C. §2243, criminalizes "[s]exual abuse of a minor or ward." Section 2243 was amended to protect anyone under age 16 in the same omnibus law that added sexual abuse of a minor to the INA, suggesting that Congress understood that phrase to cover victims under (but not over) age 16. Finally, a significant majority of state criminal codes set the age of consent at 16 for statutory rape offenses predicated exclusively on the age of the participants. Pp. 7–11.

(e) This Court does not decide whether the generic crime of sexual abuse of a minor requires a particular age differential between the victim and the perpetrator or whether it encompasses sexual intercourse involving victims over 16 that is abusive because of the nature of the relationship between the participants. P. 11.

(f) Because the statute, read in context, unambiguously forecloses the Board's interpretation of sexual abuse of a minor, neither the rule of lenity nor *Chevron* deference applies. Pp. 11–12.

810 F. 3d 1019, reversed.

THOMAS, J., delivered the opinion of the Court, in which all other Members joined, except GORSUCH, J., who took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 16–54

JUAN ESQUIVEL-QUINTANA, PETITIONER *v.*
JEFFERSON B. SESSIONS, III,
ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[May 30, 2017]

JUSTICE THOMAS delivered the opinion of the Court.

The Immigration and Nationality Act (INA), 66 Stat. 163, as amended, provides that "[a]ny alien who is convicted of an aggravated felony after admission" to the United States may be removed from the country by the Attorney General. 8 U. S. C. §1227(a)(2)(A)(iii). One of the many crimes that constitutes an aggravated felony under the INA is "sexual abuse of a minor." §1101(a)(43)(A). A conviction for sexual abuse of a minor is an aggravated felony regardless of whether it is for a "violation of Federal or State law." §1101(a)(43). The INA does not expressly define sexual abuse of a minor.

We must decide whether a conviction under a state statute criminalizing consensual sexual intercourse between a 21-year-old and a 17-year-old qualifies as sexual abuse of a minor under the INA. We hold that it does not.

I

Petitioner Juan Esquivel-Quintana is a native and citizen of Mexico. He was admitted to the United States as a lawful permanent resident in 2000. In 2009, he

pleaded no contest in the Superior Court of California to a statutory rape offense: "unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator," Cal. Penal Code Ann. §261.5(c) (West 2014); see also §261.5(a) ("Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor"). For purposes of that offense, California defines "minor" as "a person under the age of 18 years." *Ibid.*

The Department of Homeland Security initiated removal proceedings against petitioner based on that conviction. An Immigration Judge concluded that the conviction qualified as "sexual abuse of a minor," 8 U. S. C. §1101(a)(43)(A), and ordered petitioner removed to Mexico. The Board of Immigration Appeals (Board) dismissed his appeal. 26 I. & N. Dec. 469 (2015). "[F]or a statutory rape offense involving a 16- or 17-year-old victim" to qualify as "'sexual abuse of a minor,'" it reasoned, "the statute must require a meaningful age difference between the victim and the perpetrator." *Id.*, at 477. In its view, the 3-year age difference required by Cal. Penal Code §261.5(c) was meaningful. *Id.*, at 477. Accordingly, the Board concluded that petitioner's crime of conviction was an aggravated felony, making him removable under the INA. *Ibid.* A divided Court of Appeals denied Esquivel-Quintana's petition for review, deferring to the Board's interpretation of sexual abuse of a minor under *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837 (1984). 810 F. 3d 1019 (CA6 2016); see also *id.*, at 1027 (Sutton, J., concurring in part and dissenting in part). We granted certiorari, 580 U. S. ___ (2016), and now reverse.

## II

Section 1227(a)(2)(A)(iii) makes aliens removable based on the nature of their convictions, not based on their actual conduct. See *Mellouli* v. *Lynch*, 575 U. S. ___, ___

(2015) (slip op., at 7). Accordingly, to determine whether an alien's conviction qualifies as an aggravated felony under that section, we "employ a categorical approach by looking to the statute . . . of conviction, rather than to the specific facts underlying the crime." *Kawashima* v. *Holder*, 565 U. S. 478, 483 (2012); see, *e.g.*, *Gonzales* v. *Duenas-Alvarez*, 549 U. S. 183, 186 (2007) (applying the categorical approach set forth in *Taylor* v. *United States*, 495 U. S. 575 (1990), to the INA). Under that approach, we ask whether "'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Moncrieffe* v. *Holder*, 569 U. S. 184, 190 (2013) (quoting *Duenas-Alvarez*, *supra*, at 186). In other words, we presume that the state conviction "rested upon . . . the least of th[e] acts" criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime. *Johnson* v. *United States*, 559 U. S. 133, 137 (2010); see also *Moncrieffe*, *supra*, at 191 (focusing "on the minimum conduct criminalized by the state statute").[1] Petitioner's state conviction is thus an "aggravated felony" under the INA only if the least of the acts criminalized by the state statute falls within the generic federal definition of sexual abuse of a minor.

## A

Because Cal. Penal Code §261.5(c) criminalizes "unlawful sexual intercourse with a minor who is more than

---

[1] Where a state statute contains several different crimes that are described separately, we employ what is known as the "modified categorical approach." See *Gonzales* v. *Duenas-Alvarez*, 549 U. S. 183, 187 (2007) (internal quotation marks omitted). Under that approach, which is not at issue here, the court may review the charging documents, jury instructions, plea agreement, plea colloquy, and similar sources to determine the actual crime of which the alien was convicted. See *ibid.*

three years younger than the perpetrator" and defines a minor as someone under age 18, the conduct criminalized under this provision would be, at a minimum, consensual sexual intercourse between a victim who is almost 18 and a perpetrator who just turned 21.  Regardless of the actual facts of petitioner's crime, we must presume that his conviction was based on acts that were no more criminal than that.  If those acts do not constitute sexual abuse of a minor under the INA, then petitioner was not convicted of an aggravated felony and is not, on that basis, removable.

Petitioner concedes that sexual abuse of a minor under the INA includes some statutory rape offenses.  But he argues that a statutory rape offense based solely on the partners' ages (like the one here) is "'abuse'" "only when the younger partner is under 16."  Reply Brief 2.  Because the California statute criminalizes sexual intercourse when the victim is up to 17 years old, petitioner contends that it does not categorically qualify as sexual abuse of a minor.

B

We agree with petitioner that, in the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16.  Because the California statute at issue in this case does not categorically fall within that definition, a conviction pursuant to it is not an aggravated felony under §1101(a)(43)(A).  We begin, as always, with the text.

1

Section 1101(a)(43)(A) does not expressly define sexual abuse of a minor, so we interpret that phrase using the normal tools of statutory interpretation.  "Our analysis begins with the language of the statute."  *Leocal* v. *Ash-*

*croft*, 543 U. S. 1, 8 (2004); see also *Lopez* v. *Gonzales*, 549 U. S. 47, 53 (2006) ("The everyday understanding of" the term used in §1101 "should count for a lot here, for the statutes in play do not define the term, and so remit us to regular usage to see what Congress probably meant").

Congress added sexual abuse of a minor to the INA in 1996, as part of a comprehensive immigration reform act. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, §321(a)(i), 110 Stat. 3009–627. At that time, the ordinary meaning of "sexual abuse" included "the engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity." Merriam-Webster's Dictionary of Law 454 (1996). By providing that the abuse must be "of a minor," the INA focuses on age, rather than mental or physical incapacity. Accordingly, to qualify as sexual abuse of a minor, the statute of conviction must prohibit certain sexual acts based at least in part on the age of the victim.

Statutory rape laws are one example of this category of crimes. Those laws generally provide that an older person may not engage in sexual intercourse with a younger person under a specified age, known as the "age of consent." See *id.*, at 20 (defining "age of consent" as "the age at which a person is deemed competent by law to give consent esp. to sexual intercourse" and cross-referencing "statutory rape"). Many laws also require an age differential between the two partners.

Although the age of consent for statutory rape purposes varies by jurisdiction, see *infra*, at 9, reliable dictionaries provide evidence that the "generic" age—in 1996 and today—is 16. See B. Garner, A Dictionary of Modern Legal Usage 38 (2d ed. 1995) ("*Age of consent*, usu[ally] 16, denotes the age when one is legally capable of agreeing . . . to sexual intercourse" and cross-referencing "statutory rape"); Black's Law Dictionary 73 (10th ed. 2014) (noting

that the age of consent is "usu[ally] defined by statute as 16 years").

2

Relying on a different dictionary (and "sparse" legislative history), the Government suggests an alternative "'everyday understanding'" of "sexual abuse of a minor." Brief for Respondent 16–17 (citing Black's Law Dictionary 1375 (6th ed. 1990)). Around the time sexual abuse of a minor was added to the INA's list of aggravated felonies, that dictionary defined "[s]exual abuse" as "[i]llegal sex acts performed against a minor by a parent, guardian, relative, or acquaintance," and defined "[m]inor" as "[a]n infant or person who is under the age of legal competence," which in "most states" was "18." *Id.*, at 997, 1375. "'Sexual abuse of a minor,'" the Government accordingly contends, "most naturally connotes conduct that (1) is illegal, (2) involves sexual activity, and (3) is directed at a person younger than 18 years old." Brief for Respondent 17.

We are not persuaded that the generic federal offense corresponds to the Government's definition. First, the Government's proposed definition is flatly inconsistent with the definition of sexual abuse contained in the very dictionary on which it relies; the Government's proposed definition does not require that the act be performed "*by a parent, guardian, relative, or acquaintance.*" Black's Law Dictionary 1375 (6th ed. 1990) (emphasis added). In any event, as we explain below, offenses predicated on a special relationship of trust between the victim and offender are not at issue here and frequently have a different age requirement than the general age of consent. Second, in the context of statutory rape, the prepositional phrase "of a minor" naturally refers not to the age of legal competence (when a person is legally capable of agreeing to a contract, for example), but to the age of consent (when a person is legally capable of agreeing to sexual intercourse).

Third, the Government's definition turns the categorical approach on its head by defining the generic federal offense of sexual abuse of a minor as whatever is illegal under the particular law of the State where the defendant was convicted. Under the Government's preferred approach, there is no "generic" definition at all. See *Taylor*, 495 U. S., at 591 (requiring "a clear indication that . . . Congress intended to abandon its general approach of using uniform categorical definitions to identify predicate offenses"); *id.*, at 592 ("We think that 'burglary' in §924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes").

## C

The structure of the INA, a related federal statute, and evidence from state criminal codes confirm that, for a statutory rape offense to qualify as sexual abuse of a minor under the INA based solely on the age of the participants, the victim must be younger than 16.

### 1

Surrounding provisions of the INA guide our interpretation of sexual abuse of a minor. See A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 167 (2012). This offense is listed in the INA as an "*aggravated* felony." 8 U. S. C. §1227(a)(2)(A)(iii) (emphasis added). "An 'aggravated' offense is one 'made worse or more serious by circumstances such as violence, the presence of a deadly weapon, or the intent to commit another crime.'" *Carachuri-Rosendo* v. *Holder*, 560 U. S. 563, 574 (2010) (quoting Black's Law Dictionary 75 (9th ed. 2009)). Moreover, the INA lists sexual abuse of a minor in the same subparagraph as "murder" and "rape," §1101(a)(43)(A)—among the most heinous crimes it defines as aggravated felonies. §1227(a)(2)(A)(iii). The structure of the INA therefore suggests that sexual abuse of a minor encom-

passes only especially egregious felonies.

A closely related federal statute, 18 U. S. C. §2243, provides further evidence that the generic federal definition of sexual abuse of a minor incorporates an age of consent of 16, at least in the context of statutory rape offenses predicated solely on the age of the participants. Cf. *Leocal*, 543 U. S., at 12–13, n. 9 (concluding that Congress' treatment of 18 U. S. C. §16 in an Act passed "just nine months earlier" provided "stron[g] suppor[t]" for our interpretation of §16 as incorporated into the INA); *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224, 232 (2007). Section 2243, which criminalizes "[s]exual abuse of a minor or ward," contains the only definition of that phrase in the United States Code. As originally enacted in 1986, §2243 proscribed engaging in a "sexual act" with a person between the ages of 12 and 16 if the perpetrator was at least four years older than the victim. In 1996, Congress expanded §2243 to include victims who were younger than 12, thereby protecting anyone under the age of 16. §2243(a); see also §2241(c). Congress did this in the same omnibus law that added sexual abuse of a minor to the INA, which suggests that Congress understood that phrase to cover victims under age 16.[2] See Omnibus Consolidated Appropriations Act, 1997, §§121(7), 321,110 Stat. 3009–31, 3009–627.

Petitioner does not contend that the definition in §2243(a) must be imported wholesale into the INA, Brief for Petitioner 17, and we do not do so. One reason is that the INA does not cross-reference §2243(a), whereas many other aggravated felonies in the INA are defined by cross-reference to other provisions of the United States Code,

----

[2] To eliminate a redundancy, Congress later amended §2243(a) to revert to the pre-1996 language. See Protection of Children From Sexual Predators Act of 1998, §301(b), 112 Stat. 2979. That amendment does not change Congress' understanding in 1996, when it added sexual abuse of a minor to the INA.

see, *e.g.*, §1101(a)(43)(H) ("an offense described in section 875, 876, 877, or 1202 of Title 18 (relating to the demand for or receipt of ransom)"). Another is that §2243(a) requires a 4-year age difference between the perpetrator and the victim. Combining that element with a 16-year age of consent would categorically exclude the statutory rape laws of most States. See Brief for Respondent 34–35; cf. *Taylor*, 495 U. S., at 594 (declining to "constru[e] 'burglary' to mean common-law burglary," because that "would come close to nullifying that term's effect in the statute," since "few of the crimes now generally recognized as burglaries would fall within the common-law definition"). Accordingly, we rely on §2243(a) for evidence of the meaning of sexual abuse of a minor, but not as providing the complete or exclusive definition.

2

As in other cases where we have applied the categorical approach, we look to state criminal codes for additional evidence about the generic meaning of sexual abuse of a minor. See *Taylor*, 495 U. S., at 598 (interpreting "'burglary'" under the Armed Career Criminal Act of 1984 according to "the generic sense in which the term is now used in the criminal codes of most States"); *Duenas-Alvarez*, 549 U. S., at 190 (interpreting "theft" in the INA in the same manner). When "sexual abuse of a minor" was added to the INA in 1996, thirty-one States and the District of Columbia set the age of consent at 16 for statutory rape offenses that hinged solely on the age of the participants. As for the other States, one set the age of consent at 14; two set the age of consent at 15; six set the age of consent at 17; and the remaining ten, including California, set the age of consent at 18. See Appendix, *infra*; cf. ALI, Model Penal Code §213.3(1)(a) (1980) (in the absence of a special relationship, setting the default age of consent at 16 for

the crime of "[c]orruption of [m]inors").[3] A significant
majority of jurisdictions thus set the age of consent at 16
for statutory rape offenses predicated exclusively on the
age of the participants.

Many jurisdictions set a different age of consent for
offenses that include an element apart from the age of the
participants, such as offenses that focus on whether the
perpetrator is in some special relationship of trust with
the victim. That was true in the two States that had
offenses labeled "sexual abuse of a minor" in 1996. See
Alaska Stat. §11.41.438 (1996) (age of consent for third-
degree "sexual abuse of a minor" was 16 generally but 18
where "the offender occupie[d] a position of authority in
relation to the victim"); Me. Rev. Stat. Ann., Tit. 17–A,
§254(1) (1983), as amended by 1995 Me. Laws p. 123 (age
of consent for "[s]exual abuse of minors" was 16 generally
but 18 where the victim was "a student" and the offender
was "a teacher, employee or other official in the . . . school
. . . in which the student [was] enrolled"). And that is true
in four of the five jurisdictions that have offenses titled
"sexual abuse of a minor" today. Compare, *e.g.*, D. C. Code
§§22–3001 (2012), 22–3008 (2016 Cum. Supp.) (age of
consent is 16 in the absence of a significant relationship)
with §22–3009.01 (age of consent is 18 where the offender
"is in a significant relationship" with the victim); see also
Brief for Respondent 31 (listing statutes with that title).
Accordingly, the generic crime of sexual abuse of a minor
may include a different age of consent where the perpetra-
tor and victim are in a significant relationship of trust. As

---

[3] The Government notes that this sort of multijurisdictional analysis
can "be useful insofar as it helps shed light on the 'common understand-
ing and meaning' of the federal provision being interpreted," but that it
is not required by the categorical approach. Brief for Respondent 23–25
(quoting *Perrin* v. *United States*, 444 U. S. 37, 45 (1979)). We agree. In
this case, state criminal codes aid our interpretation of "sexual abuse of
a minor" by offering useful context.

relevant to this case, however, the general consensus from state criminal codes points to the same generic definition as dictionaries and federal law: Where sexual intercourse is abusive solely because of the ages of the participants, the victim must be younger than 16.

## D

The laws of many States and of the Federal Government include a minimum age differential (in addition to an age of consent) in defining statutory rape. We need not and do not decide whether the generic crime of sexual abuse of a minor under 8 U. S. C. §1101(a)(43)(A) includes an additional element of that kind. Petitioner has "show[n] something *special* about California's version of the doctrine"— that the age of consent is 18, rather than 16—and needs no more to prevail. *Duenas-Alvarez*, *supra*, at 191. Absent some special relationship of trust, consensual sexual conduct involving a younger partner who is at least 16 years of age does not qualify as sexual abuse of a minor under the INA, regardless of the age differential between the two participants. We leave for another day whether the generic offense requires a particular age differential between the victim and the perpetrator, and whether the generic offense encompasses sexual intercourse involving victims over the age of 16 that is abusive because of the nature of the relationship between the participants.

## III

Finally, petitioner and the Government debate whether the Board's interpretation of sexual abuse of a minor is entitled to deference under *Chevron*, 467 U. S. 837. Petitioner argues that any ambiguity in the meaning of this phrase must be resolved in favor of the alien under the rule of lenity. See Brief for Petitioner 41–45. The Government responds that ambiguities should be resolved by deferring to the Board's interpretation. See Brief for

Respondent 45–53.  We have no need to resolve whether the rule of lenity or *Chevron* receives priority in this case because the statute, read in context, unambiguously forecloses the Board's interpretation.  Therefore, neither the rule of lenity nor *Chevron* applies.

*       *       *

We hold that in the context of statutory rape offenses focused solely on the age of the participants, the generic federal definition of "sexual abuse of a minor" under §1101(a)(43)(A) requires the age of the victim to be less than 16.  The judgment of the Court of Appeals, accordingly, is reversed.

*It is so ordered.*

JUSTICE GORSUCH took no part in the consideration or decision of this case.

# APPENDIX

These tables list offenses criminalizing sexual intercourse solely because of the age of the participants. The tables are organized according to the statutory age of consent as of September 30, 1996—the date "sexual abuse of a minor" was added to the INA.

## 14 Years

| Hawaii | Haw. Rev. Stat. §707–730(1)(b) (1993) |
|---|---|

## 15 Years

| Colorado | Colo. Rev. Stat. §18–3–403(1)(e) (1997) |
|---|---|
| South Carolina | S. C. Code Ann. §16–3–655(2) (1985) |

## 16 Years

| Alabama | Ala. Code §§13A–6–62(a)(1), 13A–6–70(c)(1) (1994) |
|---|---|
| Alaska | Alaska Stat. §11.41.436(a)(1) (1996) |
| Arkansas | Ark. Code Ann. §§5–14–106(a), 5–14–107(a) (1997) |
| Connecticut | Conn. Gen. Stat. §53a–71(a)(1) (1995) |
| Delaware | Del. Code Ann., Tit. 11, §773(2) (1995) |

Appendix to opinion of the Court

| District of Columbia | D. C. Code §§22–4101(3), 22–4108 (1996) |
|---|---|
| Georgia | Ga. Code Ann. §16–6–3(a) (1996) |
| Indiana | 1998 Ind. Acts §8, p. 774 |
| Iowa | Iowa Code §709.4(2) (1987), as amended by 1994 Iowa Acts p. 290 |
| Kansas | Kan. Stat. Ann. §21–3504(a)(1) (1995) |
| Kentucky | Ky. Rev. Stat. Ann. §§510.020(3)(a), 510.060(1)(b) (Lexis 1990) |
| Maine | Me. Rev. Stat. Ann., Tit. 17–A, §254(1) (1983), as amended by 1995 Me. Laws p. 123 |
| Maryland | Md. Ann. Code, Art. 27, §§464B(a)(4), (5), 464C(a)(2), (3) (1996) |
| Massachusetts | Mass. Gen. Laws, ch. 265, §23 (1992) |
| Michigan | Mich. Comp. Laws §750.520d(1)(a) (1991), as amended by 1996 Mich. Pub. Acts p. 393 |
| Minnesota | Minn. Stat. §609.344.1(b) (1996) |
| Montana | Mont. Code Ann. §§45–5–501(1)(b)(iii), 45–5–503(3)(a) (1995) |
| Nebraska | Neb. Rev. Stat. §28–319(1) (1994 Cum. Supp.) |

Appendix to opinion of the Court

| Nevada | Nev. Rev. Stat. §§200.364(3), 200.368 (1997) |
|---|---|
| New Hampshire | N. H. Rev. Stat. Ann. §632–A:3(II) (1986) |
| New Jersey | N. J. Stat. Ann. §2C:14–2(c)(5) (West 1995) |
| North Carolina | N. C. Gen. Stat. Ann. §14–27.7A (1998 Cum. Supp.) |
| Ohio | Ohio Rev. Code Ann. §2907.04(A) (Lexis 1996) |
| Oklahoma | Okla. Stat., Tit. 21, §1111(A)(1) (1983), as amended by 1995 Okla. Sess. Laws ch. 22, §1, p. 119 |
| Pennsylvania | 18 Pa. Cons. Stat. §3122.1, added by 1995 Pa. Laws 985, §5, p. 987 |
| Rhode Island | R. I. Gen. Laws §11–37–6 (1994) |
| South Dakota | S. D. Codified Laws §22–22–1(5) (1998) |
| Utah | 1983 Utah Laws ch. 88, §16 |
| Vermont | Vt. Stat. Ann., Tit. 13, §3252(a)(3) (1998) |
| Washington | Wash. Rev. Code §9A.44.079 (1994) |
| West Virginia | W. Va. Code Ann. §§61–8B–2(c)(1), 61–8B–5(a)(2) (Lexis 1997) |
| Wyoming | Wyo. Stat. Ann. §6–2–304(a)(i) (1997) |

Appendix to opinion of the Court

## 17 Years

| | |
|---|---|
| Illinois | Ill. Comp. Stat., ch. 720, §§5/12–15(b)–(c), 5/12–16(d) (West 1996) |
| Louisiana | La. Rev. Stat. Ann. §14:80(A)(1) (West 1986), as amended by 1995 La. Acts no. 241, p. 670 |
| Missouri | Mo. Rev. Stat. §566.034 (1994) |
| New Mexico | N. M. Stat. Ann. §30–9–11(F), as amended by 1995 N. M. Laws ch. 159, p. 1414 |
| New York | N. Y. Penal Law Ann. §§130.05(3)(a), 130.20(1), 130.25(2) (West 1998) |
| Texas | Tex. Penal Code Ann. §§22.011(a)(2), (c)(1) (West 1994) |

## 18 Years

| | |
|---|---|
| Arizona | Ariz. Rev. Stat. Ann. §13–1405(A) (1989) |
| California | Cal. Penal Code Ann. §261.5(a) (West Supp. 1998) |
| Florida | Fla. Stat. §794.05(1) (1991) |
| Idaho | Idaho Code Ann. §18–6101(1) (Supp. 1996) |
| Mississippi | Miss. Code Ann. §97–3–67 (Supp. 1993) |

Appendix to opinion of the Court

| North Dakota | N. D. Cent. Code Ann. §12.1–20–05 (Supp. 1983); §14–10–01 (1997) |
|---|---|
| Oregon | Ore. Rev. Stat. §§163.315(1), 163.435(1), 163.445(1) (1997) |
| Tennessee | Tenn. Code Ann. §39–13–506(a) (Supp. 1996) |
| Virginia | Va. Code Ann. §18.2–371 (1996) |
| Wisconsin | Wis. Stat. §§948.01(1), 948.09 (1993–1994) |