# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1571

_____

Luis Gerardo Garcia-Urbano,

*Petitioner,*

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 18, 2017
Filed: May 17, 2018

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Luis Garcia-Urbano, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals. The Board upheld the decision of an immigration judge that denied Garcia-Urbano's application for asylum, withholding of removal, and protection under the Convention Against Torture. Garcia-Urbano contends that the Board erred in treating his conviction for criminal sexual conduct in the third

degree under Minn. Stat. § 609.344, subdiv. 1(b) as an aggravated felony under the Immigration and Nationality Act (INA).  We conclude that the Board was correct and therefore deny the petition for review.

I.

Garcia-Urbano was admitted to the United States in April 2014 at the age of seventeen as a lawful permanent resident.  At the age of eighteen, he pleaded guilty to criminal sexual conduct in the third degree, in violation of Minn. Stat. § 609.344, subdiv. 1(b), and to fleeing a police officer in a motor vehicle, in violation of Minn. Stat. § 609.487, subdiv. 3.

The Department of Homeland Security commenced removal proceedings against Garcia-Urbano, alleging that the two convictions were grounds for removal from the United States.  The Department maintained that criminal sexual conduct in the third degree constituted "sexual abuse of a minor," and that fleeing a police officer in a motor vehicle was a "crime of violence."  Each conviction would thus be an "aggravated felony," *see* 8 U.S.C. § 1101(a)(43)(A), (F), and each would serve as an independent ground for removal.  *See id*. § 1227(a)(2)(A)(iii).

Garcia-Urbano applied for asylum, but the immigration judge denied the application, and the Board dismissed Garcia-Urbano's appeal. The Board concluded that Garcia-Urbano was ineligible for asylum because his conviction for criminal sexual conduct was an aggravated felony under the INA.  *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i).  Because that conviction sufficed to make Garcia-Urbano ineligible, the Board found it unnecessary to address Garcia-Urbano's conviction for fleeing a police officer in a motor vehicle.[1]

---

[1]Garcia-Urbano also applied for withholding of removal and protection under the Convention Against Torture.  *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. §§ 1208.16-

II.

An alien who "is convicted of an aggravated felony at any time after admission" is both removable and ineligible for asylum. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1158(b)(2)(A)(ii) & (B)(i). "Sexual abuse of a minor," under either federal or state law, is an aggravated felony. *Id*. § 1101(a)(43)(A). Therefore, Garcia-Urbano's conviction in Minnesota for criminal sexual conduct in the third degree is an aggravated felony if it constitutes "sexual abuse of a minor" within the meaning of the INA.

To determine whether an offense of conviction is an aggravated felony, we look only to the elements of the criminal statute and apply the so-called categorical approach. *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567-68 (2017). The Minnesota statute at issue makes it a crime for an actor to engage in "sexual penetration" with another when the other party is "at least 13 but less than 16 years of age and the actor is more than 24 months older." Minn. Stat. § 609.344, subdiv. 1(b). We must consider whether "the least of the acts criminalized by the state statute falls within the generic federal definition of sexual abuse of a minor." *Esquivel-Quintana,* 137 S. Ct. at 1568. If so, then Garcia-Urbano was convicted of an aggravated felony.

Congress did not define "sexual abuse of a minor," and the Board has interpreted the phrase through case-by-case adjudication. In this case, Garcia-Urbano argued that his offense did not qualify because there was not enough difference in age between him and the victim: he was eighteen, and she was fifteen. He further urged that his offense was not sufficiently serious, because "[he] and his girlfriend essentially had consensual sex (except that statutory provision prevents use of

1208.18. The immigration judge and the Board rejected these claims for relief, and Garcia-Urbano does not seek review of the Board's decision on those points.

-3-

consent as a defense)." The Board rejected these contentions, concluding that "sexual abuse of a minor" does not require a "meaningful age difference" between a perpetrator and a victim under the age of sixteen, and that the state criminal offense was sufficiently serious to qualify as an aggravated felony. The Board reasoned that because the Minnesota statute "involves a younger adolescent victim who is between the ages of 13 and 15 years old (a minor), and it requires sexual abuse (e.g., penetration), it constitutes 'sexual abuse of a minor,' under our definition."

While Garcia-Urbano's petition for review was pending with this court, the Supreme Court decided *Esquivel-Quintana*. In determining whether statutory rape under California law constituted "sexual abuse of a minor" under the INA, the Court held "that in the context of statutory rape offenses focused solely on the age of the participants," the INA unambiguously requires the victim of sexual abuse to be younger than sixteen years old. 137 S. Ct. at 1572-73. Because the California statute encompassed victims who had turned sixteen, a conviction under that law did not qualify as an aggravated felony. *Id*. The Minnesota statute at issue here, however, requires a victim who is younger than sixteen, so the Board's decision in this case is not inconsistent with *Esquivel-Quintana*.

Garcia-Urbano raises different objections to counting his Minnesota conviction as an aggravated felony. He contends that the Minnesota statute encompasses conduct that is not sufficiently serious to constitute "sexual abuse of a minor." The INA lists "sexual abuse of a minor" in the same subparagraph as "murder" and "rape," 8 U.S.C. § 1101(a)(43)(A), and the Court in *Esquivel-Quintana* observed that this structure "suggests that sexual abuse of a minor encompasses only especially egregious felonies." 135 S. Ct. at 1570. Garcia-Urbano argues that because the Minnesota statute criminalizes what he describes as "consensual" sex between two teenagers, the statute forbids conduct that is not particularly serious, and is thus categorically overbroad.

-4-

Garcia-Urbano's proposed interpretation is contrary to the ordinary meaning of "sexual abuse of a minor." His theory that "sexual abuse of a minor" requires an element of seriousness beyond sexual penetration with a person too young to consent would effectively remove from the INA's purview all statutory rape offenses that are based solely on the age of the participants. Yet when Congress added "sexual abuse of a minor" to the INA in 1996, "the ordinary meaning of 'sexual abuse' included 'the engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity.'" *Id*. at 1569 (quoting *Merriam-Webster's Dictionary of Law* 454 (1996)). By including "sexual abuse of a minor" as an aggravated felony, Congress necessarily included certain sexual conduct that is forbidden based solely on the age of the parties involved. Garcia-Urbano's definition of egregious misconduct therefore does not align with the statute.

Alternatively, Garcia-Urbano argues that generic "sexual abuse of a minor" requires an age differential of more than two years and a day between the perpetrator and the victim. He urges that the definition of "sexual abuse of a minor" in the INA, at least as it applies to statutory rape, should be derived from a provision of the federal criminal code that requires a four-year age differential. *See* 18 U.S.C. § 2243(a)(2). Because Minn. Stat. § 609.344, subdiv. 1(b) requires an age differential of just two-years and a day, Garcia-Urbano contends that the Minnesota statute is categorically overbroad.

We conclude that the INA clearly refutes Garcia-Urbano's position. In *Esquivel-Quintana*, the Court declined to decide whether "sexual abuse of a minor" requires any age difference between the perpetrator and the victim. *Id*. at 1572. But the Court did provide some insight: any age differential in the generic federal offense cannot "categorically exclude the statutory rape laws of most States." *Id*. at 1571. That result would "come close to nullifying" the effect of the term "sexual abuse of a minor" in the INA. *Id*. (internal quotation omitted). For that reason, the Court

declined to adopt the very definition from 18 U.S.C. § 2243(a) that Garcia-Urbano advances.

For similar reasons, we conclude that the generic offense cannot require an age differential of more than two years and one day. The ordinary meaning of "sexual abuse" in 1996 included engaging in sexual contact with a person who is below a specified age. Adding an age-differential requirement that is greater than two years and a day to the INA's unambiguous rule that a victim must be younger than sixteen years would eliminate from the generic offense the majority of age-based state statutory rape offenses in effect when the federal provision was enacted. When "sexual abuse of a minor" was added to the INA in 1996, the statutory rape laws of sixteen States covered victims who were sixteen years of age or older. *See Esquivel-Quintana*, 137 S. Ct. at 1576. At least another eleven statutes, including Minnesota's, did not require an age differential of greater than two years and a day.[2] Thus, if the generic offense has an age differential of greater than two years and a day, statutory rape based solely on the age of the participants in at least twenty-seven States would not have constituted "sexual abuse of a minor" under the INA. An interpretation that categorically excludes the age-based statutory rape laws of most States cannot be correct, so we reject Garcia-Urbano's position as inconsistent with the INA.

---

[2]*See* Ala. Code §§ 13A-6-62(a)(1), 13A-6-70(c)(1) (LexisNexis 1996); Conn. Gen. Stat. § 53a-71(a)(1) (LexisNexis 1996); Del. Code Ann. tit. 11, § 773(2) (LexisNexis 1996); Kan. Stat. Ann. § 21-3504(a)(1) (LexisNexis 1996); Mass. Ann. Laws ch. 265, § 23 (LexisNexis 1996); Mich. Comp. Laws Serv. § 750.520d(1)(a) (LexisNexis 1996); Minn. Stat. § 609.344, subdiv. 1(b) (LexisNexis 1996); N.H. Rev. Stat. Ann. § 632-A:3 (LexisNexis 1996); Okla. Stat. tit. 21, § 1111(A)(1) (LexisNexis 1996); S.C. Code Ann. § 16-3-655(2) (LexisNexis 1996); Vt. Stat. Ann. tit. 13, § 3252(a)(3) (LexisNexis 1996). Rhode Island's statute would be twelfth if "over the age of eighteen" includes an offender on his or her eighteenth birthday. *See* R.I. Gen. Laws § 11-37-6 (LexisNexis 1996).

Minnesota criminal sexual conduct in the third degree has the following elements: (1) sexual penetration, (2) with person under sixteen and over thirteen years of age, (3) by a person who is more than twenty-four months older. Minn. Stat. § 609.344, subdiv. 1(b). We conclude that a person convicted under that statute necessarily has committed "sexual abuse of a minor" within the meaning of the INA. Accordingly, the Board properly concluded that Garcia-Urbano is both removable and ineligible for asylum.

* * *

For the foregoing reasons, the petition for review is denied.

_____