# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-10784
Summary Calendar

Joseph Michael Guarascio,

*Petitioner—Appellant*,

*versus*

Eric D. Wilson, *Warden*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-689

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Joseph Michael Guarascio, federal prisoner # 70537-056, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his conviction and sentence for the manufacture of child pornography in violation of 18 U.S.C. § 2251(a) and (b). According to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Guarascio, he is actually innocent of the offense of conviction because *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), reduced the range of conduct to which § 2251 and 18 U.S.C. § 2256 apply based on its holding that the generic federal definition of a minor is a person under 16 years of age.

We review the district court's findings of fact for clear error and conclusions of law de novo. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). As the district court concluded, *Esquivel-Quintana* does not apply in the instant matter. The term "minor," as used in § 2251, is defined in § 2256, and, unlike the immigration statute at issue in *Esquivel-Quintana*, § 2256 unambiguously defines a minor as a "person under the age of eighteen years." § 2256. *Esquivel-Quintana*, therefore, whether retroactively applicable or not, does not establish that Guarascio may have been convicted of a nonexistent offense, and the savings clause is unavailable to Guarascio. *See* § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Similarly, as the district court determined, Guarascio's actual innocence arguments based on a purported fraudulent plea agreement and counsel's ineffectiveness do not rely on a retroactive Supreme Court decision demonstrating that he was convicted of a nonexistent offense. Accordingly, these claims do not satisfy the requirements of the savings clause for filing a § 2241 petition. *See Reyes-Requena*, 243 F.3d at 904. Also, to the extent Guarascio argues that the actual innocence standard is an exception to the savings clause, he has not established that actual innocence provides a gateway for review of claims raised in a § 2241 petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

Thus, the district court did not err in concluding that § 2241 relief was unavailable. *See Christopher*, 342 F.3d at 381-82. Accordingly, the judgment of the district court is AFFIRMED.