NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10456 |
| Plaintiff-Appellee, | Case. No. 18-CR-00446-HSG |
| v. | |
| JOSE MARISCAL NAVARRETE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam Jr., District Judge

Submitted January 24, 2023**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and BERMAN,*** District Judge.

Jose Mariscal Navarrete appeals his conviction for illegal reentry under 8

U.S.C § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

1

Mariscal Navarrete collaterally attacks the validity of his prior removal order under 8 U.S.C. § 1326(d). A removal order is "fundamentally unfair" if "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (alteration in original) (citation omitted).

1. We reject Mariscal Navarrete's argument that the Immigration Court lacked jurisdiction over his case due to a defective Notice to Appear ("NTA"). Mariscal Navarrete contends that because the NTA lacked the location of his removal hearing, as required by 8 U.S.C. § 1229a(a)(1) and 8 C.F.R. § 1003.15, the immigration court was deprived of jurisdiction. We recently addressed whether a defective NTA divests an Immigration Court of jurisdiction and held that it does not. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) (holding that "defects in an NTA have no bearing on an immigration court's adjudicatory authority"). Accordingly, the Immigration Court had jurisdiction over Mariscal Navarrete's case and his due process rights were not violated.

2. The defective NTA also did not violate Mariscal Navarrete's due process rights. He argues that the NTA's lack of hearing location information prejudiced him because he did not know where to file court documents or have the opportunity to coordinate with an attorney. Any defects caused by the lack of

2

hearing location information were cured at the hearing. First, Mariscal Navarrete attended the hearing. Second, the immigration judge ("IJ") asked him if he wanted to postpone the hearing to obtain an attorney, and Mariscal Navarrete declined. Third, Mariscal Navarrete waived his right to appeal. Given these facts, the lack of hearing location information on the NTA did not result in a fundamentally unfair removal proceeding.

3. Mariscal Navarrete also did not receive a fundamentally unfair proceeding because the IJ failed to inform him about his eligibility for relief under 8 U.S.C. § 1182(h) ("§ 212(h) relief"). At the time of Mariscal Navarrete's removal hearing in 2006, the BIA interpreted § 212(h) relief not to apply to aliens who, like Mariscal Navarrete, gained lawful permanent resident ("LPR") status after entering the United States as non-immigrants. *See In re Koljenovic*, 25 I. & N. Dec. 219, 220–21 (BIA 2010). We later adopted a different understanding, concluding that § 212(h)'s limitation of relief only applied to people who entered the United States with LPR status, not to people who became LPRs after entry. *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1051–54 (9th Cir. 2014).

In *United States v. Guzman-Ibarez,* we held that a defendant's due process rights were not violated when the IJ failed to advise him of possible § 212(h) relief that was not available at the time of his immigration hearing but subsequently became available. 792 F.3d 1094, 1101 (9th Cir. 2015). "The change wrought by

3

our decision [in *Negrete-Ramirez*] was one of substantive law about which clairvoyance could not have been expected of the IJ." *Id.* *Guzman-Ibarez* thus forecloses Mariscal Navarrete's argument that his due process rights were violated.[1]

Because we affirm the district court's holding that Mariscal Navarrete's due process rights were not violated, we need not decide whether he suffered prejudice.

**AFFIRMED**

---

[1] Mariscal Navarrete argues *Guzman-Ibarez* is not good law because it has been superseded by *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017) and *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). We disagree. Our precedent is only superseded when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). *Guzman-Ibarez* is not clearly irreconcilable with *Esquivel-Quintana* or *Kisor*. The latter cases concern the level of deference courts should give agency interpretations of statutes and regulations; they say nothing about the specific holding in *Guzman-Ibarez*, namely, that a defendant's due process rights are not violated when an IJ fails to issue an advisement about relief eligibility that was unavailable at the time but became available later.