# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3598
_____

Saul Aguilar-Sanchez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 17, 2023
Filed: December 4, 2023

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Saul Aguilar-Sanchez is a Mexican citizen who was admitted to the United States in 2015 as a lawful permanent resident. In 2022, he was convicted in Minnesota of "intentionally . . . hir[ing] or offer[ing] or agree[ing] to hire an individual who [he] reasonably believe[d] to be under the age of 16 years but at least 13 years to engage in sexual penetration or sexual contact." Minn. Stat. § 609.324, subd. 1(b)(3). The Department of Homeland Security subsequently initiated

removal proceedings against Aguilar-Sanchez. The Immigration Judge sustained the charge of removability and the Board of Immigration Appeals ("BIA") dismissed Aguilar-Sanchez's appeal. He petitions for review of the BIA's decision and advances two arguments. He first argues that the BIA applied an incorrect generic federal definition of "sexual abuse of a minor," either because a BIA decision defining the term was overruled or because that BIA decision was wrongly decided and does not warrant *Chevron* deference. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Alternatively, he argues that even under the BIA's current generic federal definition, the least of the acts criminalized by § 609.324, subd. 1(b)(3) is not categorically "sexual abuse of a minor." We deny the petition for review.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Although we generally "lack jurisdiction to review any final order of removability against an alien convicted of, *inter alia*, an aggravated felony," we retain jurisdiction to review *de novo* "constitutional claims or questions of law, such as whether a crime is an aggravated felony." *Roberts v. Holder*, 745 F.3d 928, 930 (8th Cir. 2014); *see also* 8 U.S.C. § 1252(a)(2)(D). "Sexual abuse of a minor" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). Hence, if Aguilar-Sanchez's Minnesota conviction constitutes "sexual abuse of a minor," then it is an aggravated felony, and he is deportable.

To review whether Aguilar-Sanchez's Minnesota conviction constitutes "sexual abuse of a minor," "we look only to the elements of the criminal statute and apply the so-called categorical approach," considering "whether the least of the acts criminalized by the state statute falls within the generic federal definition of sexual abuse of a minor." *See Garcia-Urbano v. Sessions*, 890 F.3d 726, 728 (8th Cir. 2018) (internal quotation marks omitted); *see also Gonzalez v. Wilkinson*, 990 F.3d 654, 659 (8th Cir. 2021) (noting that there must be a "realistic probability, not a theoretical possibility" that the least of the acts criminalized falls outside the generic federal definition). The parties agree that the "least of the acts criminalized" under the statute is "intentionally . . . offer[ing] . . . to hire an individual who the actor

-2-

reasonably believes to be under the age of 16 years but at least 13 years to engage in sexual penetration or sexual contact."[1]  Minn. Stat. § 609.324, subd. 1(b)(3).

In order to apply the categorical approach, we must identify the correct generic federal definition of "sexual abuse of a minor."  "Congress did not define 'sexual abuse of a minor,' and the [BIA] has interpreted the phrase through case-by-case adjudication." *Garcia-Urbano*, 890 F.3d at 728.  The BIA relies on a criminal procedure statute, 18 U.S.C. § 3509(a)(8), as a "useful identification of the forms of sexual abuse" of a minor. *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 995 (BIA 1999).  Section 3509(a)(8) defines "sexual abuse" of a minor to include:

> the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.

Aguilar-Sanchez argues that the BIA should not use § 3509(a)(8) for the generic federal definition of "sexual abuse of a minor," either because the Supreme Court overruled *In re Rodriguez-Rodriguez* in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017), or because *In re Rodriguez-Rodriguez* was wrongly decided and does not warrant *Chevron* deference.  Instead of § 3509(a)(8), he argues that we should adopt as the generic federal definition one of his two proposed alternatives:

---

[1]At oral argument, in response to questions from the court, Aguilar-Sanchez suggested that the statute criminalizes more than "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), because it reaches offers "to hire an individual who the actor reasonably believes to be" a minor, without requiring an actual minor victim, Minn. Stat. § 609.324, subd. 1(b)(3). *But cf.* 8 U.S.C. § 1101(a)(43)(U) (providing that an attempt to commit an aggravated felony is itself an aggravated felony); *Shroff v. Sessions*, 890 F.3d 542, 544 & n.4 (5th Cir. 2018) (holding that a petitioner "apprehended in a sting operation by police posing as a fifteen-year-old" had "attempt[ed] to commit sexual abuse of a minor").  He did not raise this issue at any point before, including in his briefing to this court, so it is both unexhausted and waived, and we decline to address it. *See Marambo v. Barr*, 932 F.3d 650, 654–55 (8th Cir. 2019); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

the definition in 18 U.S.C. § 2243(a), the federal crime of "sexual abuse of a minor," or the BIA's current § 3509(a)(8) definition with an added *mens rea* element. His first proposed definition has already been rejected by the Supreme Court. Under his second proposed definition, his conviction would still be categorically "sexual abuse of a minor."

Aguilar-Sanchez first argues that *Esquivel-Quintana* overruled *In re Rodriguez-Rodriguez*. However, Aguilar-Sanchez's interpretation is unsupported. *Esquivel-Quintana* never mentioned *In re Rodriguez-Rodriguez*, and the Supreme Court repeatedly emphasized the narrowness of *Esquivel-Quintana*'s holding. *See* 581 U.S. at 397-98. Many of our sister circuits have likewise concluded that *Esquivel-Quintana* overruled neither *In re Rodriguez-Rodriguez* nor pre-existing circuit precedent defining the generic offense of "sexual abuse of a minor." *See Cabeda v. Att'y Gen. of United States*, 971 F.3d 165, 171 (3d Cir. 2020) ("[T]he Court very deliberately ruled narrowly. It did not purport to establish a full definition of 'sexual abuse of a minor[.]'"); *Acevedo v. Barr*, 943 F.3d 619, 623 (2d Cir. 2019); *Thompson v. Barr*, 922 F.3d 528, 534 (4th Cir. 2019); *Correa-Diaz v. Sessions*, 881 F.3d 523, 527 (7th Cir. 2018); *Shroff v. Sessions*, 890 F.3d 542, 545 (5th Cir. 2018).

Moreover, the Supreme Court in *Esquivel-Quintana* considered and rejected Aguilar-Sanchez's first proposal: that the BIA should look solely to § 2243(a) to define "sexual abuse of a minor." The Court declined to "import[] wholesale" the definition in § 2243(a) into the Immigration and Naturalization Act ("INA"), noting that "the INA does not cross-reference § 2243(a), whereas many other aggravated felonies in the INA are defined by cross-reference to other provisions of the United States Code." *Esquivel-Quintana*, 581 U.S. at 395. The Supreme Court saw that cross-referencing § 2243(a) "would categorically exclude the statutory rape laws of most states," thereby "close to nullifying" the term "sexual abuse of a minor." *Id.* "For that reason, the Court declined to adopt the very definition from 18 U.S.C. § 2243(a) that [Aguilar-Sanchez] advances." *See Garcia-Urbano*, 890 F.3d at 730 (applying *Esquivel-Quintana* to conclude that Minn. Stat. § 609.487, subd. 3 is categorically "sexual abuse of a minor"). *Esquivel-Quintana* did not overrule *In re*

*Rodriguez-Rodriguez*, and the Supreme Court's decision forecloses Aguilar-Sanchez's first proposed alternative definition.

Aguilar-Sanchez's second proposal—that the generic federal definition requires a *mens rea* requirement of "intent to engage in sexual conduct or to gain sexual arousal or gratification"—hinges on his assertion that such intent is not an element of Minn. Stat. § 609.324, subd. 1(b)(3). In a similar vein, he argues that even under the generic federal definition actually employed by the BIA, § 609.324, subd. 1(b)(3) does not qualify as "sexual abuse of a minor" because it criminalizes behavior such as "street harassment" and "catcalling." Both arguments fail.

Section 609.324, subd. 1(b)(3) includes a *mens rea* element. As the Minnesota Supreme Court explained when analyzing "offers to engage for hire" in prostitution: "[t]he evidence must demonstrate, beyond a reasonable doubt, the defendant's intent to engage for hire in sexual activity." *State v. Bennett*, 258 N.W.2d 895, 897 (Minn. 1977); *see also State v. Akramov*, No. A20-0085, 2021 WL 561556, at *3-4 (Minn. Ct. App. Feb. 16, 2021) (upholding conviction under § 609.324, subd. 1(b)(3) because the defendant "intended to engage in sexual penetration or sexual conduct"); *State v. Abdulazeez*, No. A20-0233, 2021 WL 1168935, at *4 (Minn. Ct. App. Mar. 29, 2021) (upholding conviction under § 609.324, subd. 1(b)(3) because the defendant "intended to engage in sexual activity with the fictitious girl"). Section 609.324, subd. 1(b)(3) criminalizes hiring someone the defendant believes to be a minor only if the defendant does so "to engage in sexual penetration or sexual contact." Minnesota defines "sexual penetration" and "sexual contact" as acts taken for the purpose of satisfying the defendant's sexual impulses. *See* Minn. Stat. § 609.321, subd. 10-11. Thus, to be convicted under § 609.324, subd. 1(b)(3), Aguilar-Sanchez must have been acting for the purpose of satisfying his sexual impulses.

Aguilar-Sanchez likewise fails to show that § 609.324, subd. 1(b)(3) is broader than the 18 U.S.C. § 3509(a)(8) generic federal definition actually employed by the BIA. As an initial matter, the § 3509(a)(8) terms "employment" and "use" of

a minor are categorical matches for the commercial activity criminalized under Minn. Stat. § 609.324, subd. 1(b)(3), namely offering to hire for sex someone the defendant believes to be a 13-, 14-, or 15-year-old minor. Furthermore, the case Aguilar-Sanchez cites as a supposed example of how "street harassment" or "catcalling" could be sufficient for conviction is an adult prostitution case that never mentions § 609.324, subd. 1(b)(3). *See State v. Abdelrahim*, No. A18-1094, 2019 WL 2167767 (Minn. Ct. App. May 20, 2019). Even if the case were on point, it shows that Minnesota courts do not treat "offers" to hire for sex as encompassing "street harassment": The defendant in that case approached a woman and asked, "how much?" She responded, "for what?" and he replied, "for sex," "to pay you for sex." *Id.* at *1-2. He then tried to convince the woman to have sex with him. *Id.* The Minnesota Court of Appeals concluded that "the only reasonable inference to be drawn from the circumstances proved is that Abdelrahim offered to hire [the woman] for sex." *Id.* at *3. There is no "realistic probability," *Gonzalez*, 990 F.3d at 659, that § 609.324, subd. 1(b)(3) criminalizes "street harassment" or "catcalling."

Aguilar-Sanchez's § 609.324, subd. 1(b)(3) conviction would be categorically "sexual abuse of a minor" even under his own proposed definition. Thus, any error committed by the BIA in relying on *In re Rodriguez-Rodriguez* and the 18 U.S.C. § 3509(a)(8) definition is at most harmless, "because we have not the slightest uncertainty as to the outcome of the proceeding were we to remand the case[.]" *Aguilar v. Garland*, 60 F.4th 401, 407 (8th Cir. 2023); *see also id.* ("[T]he *Chenery* doctrine doesn't prohibit courts from considering whether an agency error is harmless."); 5 U.S.C. § 706 (in reviewing agency action, "due account shall be taken of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").[2]

---

[2]For these reasons, we need not decide whether *In re Rodriguez-Rodriguez* is entitled to *Chevron* deference. Also informing our decision is the fact that the Supreme Court is set to decide whether to overrule *Chevron* or limit the circumstances in which deference is required, including in situations of statutory silence. *See Loper Bright Enters., Inc. v. Raimondo*, 45 F.4th 359 (D.C. Cir.

Aguilar-Sanchez's first proposed alternative definition fails under *Esquival-Quintana*. Under his second proposed alternative definition, his crime of conviction would still be categorically "sexual abuse of a minor." Thus, we deny the petition for review.

_____

2022), *cert. granted*, 598 U.S. ---, 143 S. Ct. 2429 (May 1, 2023) (No. 22-451); *Relentless, Inc. v. U.S. Dep't of Com.*, 62 F.4th 621 (1st Cir. 2023), *cert. granted*, 601 U.S. ---, 2023 WL 6780370 (Oct. 13, 2023) (No. 22-1219); *see also Japarkulova v. Holder*, 615 F.3d 696, 701 (6th Cir. 2010) (reviewing for harmless error when the court could not apply *Chevron* deference in upholding the BIA's determination that a death threat did not constitute "past persecution").