# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1532
_____

Giobel Fonseca Canete

*Petitioner*

v.

James R. McHenry, III,[1] Acting Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Department of Homeland Security
_____

Submitted: February 3, 2025
Filed: February 6, 2025
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Giobel Fonseca Canete petitions for review of a final order of removal issued by the Department of Homeland Security pursuant to 8 U.S.C. § 1228(b). Canete asserts that he was denied certain procedural safeguards required under section

_____

[1]Acting Attorney General McHenry is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

1228(b) and its related regulations, and thus deprived of due process and the ability to seek relief from removal. The government asserts that Canete was provided the process he was due, and he failed to exhaust his administrative remedies regarding due process or an entitlement to relief.

This court has jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1252(a)(2)(C)-(D); Aguilar-Sanchez v. Garland, 87 F.4th 878, 880 (8th Cir. 2023) (de novo standard of review). Having carefully reviewed the record and the parties' argument on appeal, we conclude that Canete was adequately advised of his rights under section 1228(b),[2] and failed to exhaust his administrative remedies. See Santos-Zacaria v. Garland, 598 U.S. 411, 417–23 (2023) (holding exhaustion requirement in 8 U.S.C. § 1252(d)(1) is not jurisdictional, but is a claim-processing rule that may be forfeited or waived); Gonzalez v. Chertoff, 454 F.3d 813, 816 (8th Cir. 2006) (failure to raise due process concerns in timely response to Notice of Intent to Issue Final Administrative Removal Order is a failure to exhaust administrative remedies). Further, even assuming Canete could establish a fundamental procedural error in the removal proceedings, he has not met his burden to show that any error resulted in actual prejudice. See Uzodinma v. Barr, 951 F.3d 960, 966 (8th Cir. 2020) (to establish due process violation, noncitizen must show (1) a fundamental procedural error, and (2) resulting prejudice); Agha v. Holder, 743 F.3d 609, 618 (8th Cir. 2014) (prejudice in context of due process violation requires showing that outcome of proceeding "may well" have been different absent any procedural irregularities).

Accordingly, we deny the petition for review.

_____

_____

[2]To the extent Canete requests that the court consider facts outside the administrative record, we decline to do so. See 8 U.S.C. § 1252(b)(4)(A) (appellate court "shall decide" petition for review on administrative record on which order of removal is based); Lukowski v. INS, 279 F.3d 644, 646 (8th Cir. 2002) ("judicial review is limited to the administrative record").