**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2784
_____

LUIS ANTONIO ACEVEDO-GUALLPA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Case No. A026-762-831)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2023

(Filed: October 30, 2023)

Before: PHIPPS, McKEE, RENDELL, *Circuit Judges.*
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Luis Acevedo-Guallpa petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reconsider. The BIA found that Acevedo-Guallpa's motion was untimely and that, even if the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017), constituted a fundamental change in law, equitable tolling was unwarranted because Acevedo-Guallpa had not acted diligently in pursuing his claim. The BIA also found that the exercise of its *sua sponte* authority was unwarranted.

We will deny Acevedo-Guallpa's petition for the reasons set forth below.

## I.[1]

Acevedo-Guallpa is a native and citizen of Ecuador. In 1991, he was admitted to the United States as a conditional permanent resident, and his status was adjusted to lawful permanent resident in 1993. In 2002, Acevedo-Guallpa pled guilty to one count of fourth-degree rape in Delaware arising from a consensual relationship with a 17-year-old individual when Acevedo-Guallpa was 35 years old. The Government charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), charging, *inter alia*, that his conviction constituted an aggravated felony for sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A).

Acevedo-Guallpa argued that his conviction did not render him removable under the Immigration and Nationality Act (INA). The Immigration Judge denied Acevedo-Guallpa's application for relief, determining that the conviction constituted

---

[1] Because we write only for the parties, we will recite only the facts necessary to our decision.

sexual abuse of a minor. The BIA affirmed. We dismissed Acevedo-Guallpa's petition for review and denied a motion for reconsideration. The Government repatriated Acevedo-Guallpa to Ecuador in 2004.

On June 8, 2022, Acevedo-Guallpa asked the BIA to reconsider its decision following the Supreme Court's opinion in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017), which Acevedo-Guallpa argued established that his conviction no longer served as a basis for his removal. Acevedo-Guallpa urged the BIA to equitably toll the 30-day deadline to file the motion based on the change in law or to reconsider its earlier decision under the BIA's *sua sponte* authority or "to avoid a violation of due process." AR 28 ¶ 40. The BIA denied the motion to reconsider as untimely, determined that equitable tolling was not appropriate because Acevedo-Guallpa failed to pursue his claim diligently, and declined to reconsider under its *sua sponte* authority.

Acevedo-Guallpa then timely filed this petition for review.

## II.[2]

We review the denial of a motion for reconsideration for abuse of discretion and disturb the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (quoting *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)). We review *de novo* questions of law, which include the BIA's

---

[2] The BIA had jurisdiction under 8 C.F.R § 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252(a). Because removal proceedings before the Immigration Judge were completed in York, Pennsylvania, venue is proper in this Court. 8 U.S.C. § 1252(b).

application of the equitable tolling standard "to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).

We are generally without jurisdiction to review a BIA decision declining to invoke its *sua sponte* authority, *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017), but if the BIA based its decision on an "incorrect legal premise," we may remand for the BIA to "exercise its authority against the correct 'legal background.'" *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011) (quoting *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)).

III.

Acevedo-Guallpa raises three arguments: First, he argues that the BIA abused its discretion by failing to determine that his state conviction can no longer be considered an aggravated felony under the INA. Second, he contends that the BIA erred in finding that equitable tolling of his motion was unwarranted. Third, he argues that the BIA abused its discretion in failing to address his due process claim. We focus on Acevedo-Guallpa's second argument on equitable tolling because it is dispositive.

Acevedo-Guallpa argues that his motion to reconsider is timely because he is entitled to equitable tolling. Acevedo-Guallpa recognizes that his argument requires us to make two preliminary holdings: first, that the deadlines for filing a motion to reconsider with the BIA may be equitably tolled; and second, that tolling is appropriate based on a change in law. But even if we arrived at those two holdings, Acevedo-Guallpa would not be entitled to equitable tolling.

4

Generally, a noncitizen may file one motion to reconsider within 30 days of the date of entry of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(6)(A)–(B). That limitation supports the "strong public interest" in bringing removal-related litigation to a close. *INS v. Abudu*, 485 U.S. 94, 107 (1988). Equitable tolling, "an extraordinary remedy which should be extended only sparingly," lies in some tension with that public interest. *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

We have not held that motions to reconsider are subject to equitable tolling. But even if we were to hold so here, Acevedo-Guallpa would not be entitled to relief because a party seeking equitable tolling must make two showings: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Acevedo-Guallpa shows neither.

Tracing Acevedo-Guallpa's argument, we consider the "extraordinary circumstances" prong first. We have recognized few circumstances that could merit equitable tolling in the related context of a motion to reopen, but we have not held that a change in case law may be such an extraordinary circumstance. Acevedo-Guallpa requests that we hold so now. In his view, the extraordinary circumstance here is the Supreme Court's 2017 opinion in *Esquivel-Quintana*, which held that convictions under state statutes criminalizing consensual sexual intercourse between two individuals over the age of 16 do not qualify as sexual abuse of a minor under the INA. 581 U.S. at 388. Thus, Acevedo-Guallpa argues, his statutory rape conviction cannot be classified as an aggravated felony, and he was not properly removed in 2004.

5

Acevedo-Guallpa urges us to join our sister courts that have recognized a change in law may be a basis for equitable tolling. But the cases to which he cites do not persuade us that we should recognize that basis for equitable tolling here.

Acevedo-Guallpa directs us to *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020), which recognized that a fundamental change in law could warrant equitable tolling. Lona, like Acevedo-Guallpa, argued that a change in law invalidated the "aggravated felony" status of her convictions. *Id.* at 1228. But the Court denied the petition, reasoning that the alleged change in law merely built on earlier cases, the petitioner had a fair opportunity to raise the same arguments before the intervening case law, and she showed no impediments to timely filing a motion. *Id.* at 1231–32.

Acevedo-Guallpa next looks to *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016), in which the removed petitioner raised two changes in law as bases for equitable tolling: a substantive change in law announced in a 2006 Supreme Court opinion invalidating the "aggravated felony" basis for his removal, *id.* at 339, and a procedural change in law announced in a 2012 Fifth Circuit Court of Appeals decision invalidating the BIA's long-held ban on motions to reopen or reconsider made by noncitizens following departure from the United States. *Id.* at 339–340 (citing *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012)). The *Lugo-Resendez* Court remanded for further consideration as to whether equitable tolling was warranted, *id.* at 343–44, and the BIA concluded that the two intervening cases constituted extraordinary circumstances beyond the petitioner's control that prevented him from earlier filing a motion to reopen. *In re Lugo-Resendez*, No. AXXX XX0 500, 2017 WL 8787197, at *3 (BIA Dec. 28, 2017).

6

These cases do not persuade us that "extraordinary circumstance[s] stood in [Acevedo-Guallpa's] way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal citations omitted). Acevedo-Guallpa bases his change-in-law argument only on the substantive change announced in *Esquivel-Quintana*. He faced no impediments in making the argument that ultimately prevailed in *Esquivel-Quintana*—indeed, he made that very argument in immigration proceedings prior to his removal. Further, given that we invalidated the post-departure bar at issue in *Lugo-Resendez* over a decade ago, Acevedo-Guallpa does not argue that a procedural barrier prevented an earlier filing of his motion to reconsider. *See Prestol Espinal v. Att'y Gen.*, 653 F.3d 213, 224 (3d. Cir. 2011). Finding no extraordinary circumstances present, we need not accept Acevedo-Guallpa's invitation to hold that a change in law can form a basis for equitable tolling here.

Even were we to hold that a change in law may constitute an extraordinary circumstance, Acevedo-Guallpa is not entitled to equitable tolling because he did not pursue his rights diligently "over the entire [18-year] period for which tolling is desired." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). Acevedo-Guallpa admits that, believing he had no way to legally return to the United States, he did not actively follow changes in U.S. immigration law for the years between his 2004 removal and the Supreme Court's 2017 decision in *Esquivel-Quintana*. Nor has he shown renewed diligence between 2017 and 2021, the year in which his brother offered to research the possibility of Acevedo-Guallpa's legal return. And even after counsel informed Acevedo-Guallpa of the change in law, Acevedo-Guallpa waited three more months

7

before agreeing to pursue his motion to reconsider. *Cf. In re Lugo-Resendez*, 2017 WL 8787197, at *2 (noting that petitioner filed motion to reopen within the statutory window after learning of the change in law). The facts here do not connote a "diligent pursuit of . . . rights" since removal. *Lona*, 958 F.3d at 1232.

We perceive no error in the BIA's application of the equitable tolling standard to the facts, and, given Acevedo-Guallpa's failure to diligently pursue his claim, the BIA's denial of the motion to reconsider was not "arbitrary, irrational, or contrary to law." *Alzaarir*, 639 F.3d at 89. Thus, we find no abuse of discretion.[3]

Acevedo-Guallpa also urges us to find that the BIA abused its discretion in failing to address his claim that, by declining to deem his motion to reconsider timely, his due process rights were violated. The argument essentially asks that we review the BIA's decision declining to *sua sponte* reconsider this matter, which we generally lack jurisdiction to do, and "merely recasts his abuse-of-discretion argument in constitutional terms." *Khan v. Att'y Gen.*, 448 F.3d 226, 236 (3d Cir. 2006).

These allegations cannot raise a colorable constitutional claim, *see Sang Goo Park*, 846 F.3d at 655 n.51, because Acevedo-Guallpa received a meaningful opportunity to be heard prior to his removal, and following his removal, briefed his argument for reconsideration and received a ruling from the BIA. The BIA's adverse ruling on Acevedo-Guallpa's equitable tolling argument does not equate to a due process violation,

---

[3] The BIA did not abuse its discretion in not reaching the merits of Acevedo-Guallpa's claim because it is "not required to make findings on issues the decision of which is unnecessary to the results [it] reach[es]." *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

because he has no "protected liberty interest in the discretionary relief of a motion to reconsider," *Cruz-Moyaho v. Holder*, 703 F.3d 991, 1000 (7th Cir. 2012), "especially given that the 30-day deadline he challenges is compelled by statute." *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 287 (5th Cir. 2021). Therefore, Acevedo-Guallpa's "artful [constitutional] labeling will not confer us with jurisdiction" to hear this claim. *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007).

## IV.

For the foregoing reasons, we will deny the petition for review.