Filed 5/22/25  P. v. Calixto CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>PEDRO DUARTE CALIXTO,<br><br>      Defendant and Appellant. | H052156<br>(San Benito County<br>Super. Ct. No. CR1401700) |

Defendant Pedro Duarte Calixto pleaded no contest in 2015 to one count of lewd act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)).[1]  Four years later, Calixto moved to vacate his conviction because he did not meaningfully understand the adverse immigration consequences of his plea.  (§ 1473.7, subd. (a)(1).)  The trial court granted the motion after the parties negotiated an agreement under which Calixto pleaded no contest to a new count alleging unlawful sexual intercourse with a minor more than three years younger than the perpetrator, a violation of section 261.5, subdivision (c) (hereafter section 261.5(c)).

In 2024, Calixto moved to vacate his conviction for violating section 261.5(c), again asserting under section 1473.7 that he did not meaningfully understand the adverse immigration consequences of this plea.  The trial court denied the motion.

---

[1] Unspecified statutory references are to the Penal Code.

Calixto appeals from the trial court's order denying his motion to vacate the conviction. The Attorney General concedes that the trial court erred in denying the motion. Consistent with the Attorney General's concession, we will reverse the trial court's order denying Calixto's motion to vacate his conviction and will remand this matter.

## I. BACKGROUND[2]

Calixto is a citizen of Mexico who is a permanent resident of the United States. In 2014, the prosecution charged Calixto by information with five counts, including lewd act on a child under the age of 14 (§ 288, subd. (a); count 3). In May 2015, after trial had already commenced, Calixto pleaded no contest to count 3 pursuant to a negotiated resolution and the trial was vacated.

### A. *Calixto's First Section 1473.7 Motion*

In August 2019, Calixto moved under section 1473.7 to vacate his 2015 conviction. The motion asserted that Calixto "did not meaningfully understand the immigration consequence of this plea because of the complexities of immigration law, since California Penal Code section 288 is quite broad and California's definition of 'sexual conduct,' unlike the federal statute, goes on to include 'any lewd or lascivious sexual act as defined in Section 288.' " (Fn. omitted.) The motion further stated: "Based on the complexities of the immigration law, at the time of his plea, [Calixto] did not meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of the plea because sexual abuse of a minor was not considered a deportable offen[s]e at the time of his plea."

The prosecution opposed Calixto's motion. The prosecution's opposition contested Calixto's argument that his case presented " 'complexities' " under immigration law at the time of the plea, asserting that in 2015, Calixto's plea to violating

---

2 The underlying facts of the charged offenses are not relevant to the issue on appeal. Therefore, we only include the procedural history of this matter.

2

section 288, subdivision (a) "very likely" would have had immigration consequences. The prosecution's opposition also contended that Calixto did not demonstrate prejudice because he did not show a reasonable probability that he would have rejected the plea agreement if he had correctly understood its actual or potential immigration consequences.

At a January 2020 hearing on the motion, the parties announced a negotiated resolution. The parties agreed that Calixto would plead to a newly added count 6, alleging unlawful sexual intercourse with a minor more than three years younger than the perpetrator in violation of section 261.5(c). In return, the prosecution agreed to move to dismiss count 3 and the parties agreed that Calixto's section 1473.7 motion to vacate his 2015 conviction should be granted.

The trial court questioned Calixto to ensure that he knowingly, intelligently, and voluntarily agreed to this resolution. As part of this colloquy, the trial court informed Calixto in accordance with section 1016.5: "Now, if you are not a United States citizen, you can assume that your conviction will result in your deportation, denied --." Calixto's counsel interrupted and objected, asserting that the advisement required by section 1016.5 was not required.[3] Calixto's attorney (the same counsel who now represents Calixto on appeal) stated: "I don't believe this will result in deportation." After further discussion between the trial court and Calixto's counsel, the trial court advised Calixto as follows: "I'm going to advise you that, as I said, you can assume that your conviction will result in your deportation, denial of naturalization, and exclusion from the United States. I'm advising you of that because that's the worst case scenario

---

[3] Section 1016.5, subdivision (a) states: "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

based upon your learned counsel, attorney's, advice that there are immigration issues, and it's beyond my scope. [¶] There are so many issues in immigration law that it's difficult to determine, as your attorney argued in the previous hearing, that he didn't know what the consequences of any various situation. Your attorney is making the point that I'm exceeding the scope of [section] 1016 to be more cautiously advising you; that he believes that may not be appropriate. And I don't necessarily disagree with your attorney. [¶] I just want you to know that I'm not an expert in immigration law. And so I want to give you the most consecutive advice [*sic*] and say this is going to cause you a lot of problems." The trial court further told Calixto that "I know you've had extensive conversations with [your attorney] about the immigration consequences. And those -- those conversations have led to a filing of this motion and ultimately to this stipulation."

Calixto stated that he had no questions after the trial court's advisement. Calixto's counsel later stated that he had explained to Calixto the immigration consequences of his plea. Calixto pleaded no contest in January 2020 to the section 261.5(c) count (count 6), and the trial court vacated Calixto's 2015 conviction under section 1473.7.

**B.** *Calixto's Second Section 1473.7 Motion*

In March 2024, Calixto moved under section 1473.7 to vacate his 2020 conviction. The motion asserted that the prosecution and Calixto had negotiated a disposition to the earlier section 1473.7 motion based on the belief that pleading to violating section 261.5(c) was "an immigration neutral disposition." The motion asserted that upon Calixto's return to the United States from a 2020 trip to Mexico, he was detained by federal immigration authorities and removal proceedings were initiated, with federal authorities alleging Calixto was removable under 8 U.S.C. section 1227(a)(2)(E)(i) "as a noncitizen convicted of a 'crime of child abuse, child neglect, or child abandonment.' " The motion asserted: "The state of immigration law at the time of [Calixto's] conviction were [*sic*] complex and legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not

4

be well versed in it. In fact, most statutes were so broad that even Federal Courts had difficulty interpreting the meaning of the statute. [¶] Based on the complexities of the immigration laws at the time of his plea, [Calixto] did not meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of the plea because sexual abuse of a minor was not considered a deportable offen[s]e at the time of his plea." (Fn. omitted.)

The motion attached several documents. Calixto signed a declaration stating: "I did not meaningfully understand the immigration consequences of my new plea because of complexities of the immigration law and that at the time of my new plea, this conviction was not considered a crime of child abuse under immigration law." His declaration stated that he would not have pleaded no contest to violating section 261.5(c) if he had known the plea would subject him to removal proceedings, and that "[t]he determinative factor in the decision to accept or reject a plea offer was not having immigration consequences." The motion also attached a notice to appear advising Calixto that he was subject to removal. In addition, the motion attached documentation that Calixto and his wife were permanent United States residents and that their two children were born in the United States, along with statements from Calixto's friends and family and other documents attesting to his character, work history, and ties to the United States.

The motion further attached a declaration from the counsel who represented Calixto in both the 2019 motion and the 2024 motion, and who now represents Calixto on appeal. The declaration stated that the agreement to resolve the 2019 motion "was believed to be an immigration neutral disposition" based on the United States Supreme Court's holding in *Esquivel-Quintana v. Sessions* (2017) 581 U.S. 385 (*Esquivel-Quintana*). Counsel's declaration pointed to a 2021 decision by the Board of Immigration Appeals that distinguished the United States Supreme Court's holding in *Esquivel-Quintana*, concluding that the holding in *Esquivel-Quintana* did not apply to

5

removal on the basis for which authorities sought to remove Calixto. The declaration concluded: "My client travelled outside of the country based on the belief that this plea was immigration neutral. I still believe the negotiated plea should not have immigration consequences[;] however[,] unfortunately when my client returned to the United States, he was placed in removal proceedings and the government is prosecuting the case based on this conviction."

The prosecutor (the same prosecutor who appeared at Calixto's 2020 plea hearing) opposed the motion. The opposition asserted that section 1473.7 does not apply because Calixto pleaded to an offense that was believed to be immigration neutral at the time of his plea, and "[t]he fact that there was a 2021 Board of Immigration Appeals decision that clarified the definition of 'crime of child abuse' for removal purposes does not translate into prejudicial error at the time of the January 10, 2020 change of plea."

Neither party called any witnesses or introduced additional evidence at the hearing on the motion. Following brief argument, the trial court denied Calixto's motion without comment. Calixto timely appealed.

## II. DISCUSSION

### A. *General Legal Principles Regarding Section 1473.7*

"[S]ection 1473.7 allows noncitizens who have served their sentences to vacate a conviction if they can establish by a preponderance of the evidence that their conviction is 'legally invalid due to prejudicial error damaging [their] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence.' [Citations.]" (*People v. Espinoza* (2023) 14 Cal.5th 311, 316 (*Espinoza*).) To warrant vacation of a conviction under this section, "[t]he defendant must first show that he [or she] did not meaningfully understand the immigration consequences of his [or her] plea." (*Id.* at p. 319.) The defendant "shall also establish that the conviction or sentence being challenged is

6

currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization." (§ 1473.7, subd. (e)(1).)

"Next, the defendant must show that his [or her] misunderstanding constituted prejudicial error. '[P]rejudical error . . . means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences.' [Citation.]" (*Espinoza*, *supra*, 14 Cal.5th at p. 319.) "To determine whether there is a reasonable probability a defendant would have rejected a plea offer if he [or she] had understood its immigration consequences, courts must 'consider the totality of the circumstances.' [Citation.] 'Factors particularly relevant to this inquiry include the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-neutral negotiated disposition was possible.' [Citations.] Also relevant are the defendant's probability of obtaining a more favorable outcome if he [or she] had rejected the plea, as well as the difference between the bargained-for term and the likely term if he [or she] were convicted at trial. [Citation.] These factors are not exhaustive, and no single type of evidence is a prerequisite to relief." (*Id.* at pp. 320-321.)

"A defendant must provide ' " 'objective evidence' " ' to corroborate factual assertions. [Citation.] Objective evidence includes facts provided by declarations, contemporaneous documentation of the defendant's immigration concerns or interactions with counsel, and evidence of the charges the defendant faced. [Citations.]" (*Espinoza*, *supra*, 14 Cal.5th at p. 321.)

"We apply independent review to evaluate whether a defendant has demonstrated a reasonable probability that he [or she] would have rejected the plea offer had he [or she] understood its immigration consequences. [Citation.] ' "[U]nder independent review, an appellate court exercises its independent judgment to determine whether the facts satisfy the rule of law." ' [Citation.] When courts engage in independent review, they must give

7

deference to the trial court's factual determinations if they are based on ' " 'the credibility of witnesses the [superior court] heard and observed.' " ' [Citation.] But when the trial court's findings 'derive entirely from written declarations and other documents,' the trial court and the reviewing court ' "are in the same position," ' and no deference is owed. [Citation.] Because the trial court here conducted no evidentiary hearing, there is no basis for deference, and 'it is for the appellate court to decide, based on its independent judgment, whether the facts establish prejudice under section 1473.7.' [Citation.]" (*Espinoza*, *supra*, 14 Cal.5th at pp. 319-320.)

**B.** *Analysis*

The Attorney General asserts that Calixto's opening brief "is unclear whether his argument is that he misunderstood the immigration consequences of his plea because of a postplea change in the law or whether he misunderstood the immigration consequences at the time of the plea." We agree that Calixto's argument is unclear. Calixto's opening brief asserts that he did not meaningfully understand the adverse immigration consequences of his 2020 plea "because of the complexities of immigration law and he followed his attorney's advice." He notes the United States Supreme Court's decision in *Esquivel-Quintana*, which held before Calixto's 2020 plea that the same statute to which Calixto pleaded no contest—section 261.5(c)—does not qualify as "sexual abuse of a minor," a removable offense under 8 U.S.C. section 1101(a)(43)(A). (*Esquivel-Quintana*, *supra*, 581 U.S. at p. 388.) Calixto's brief also alludes to a 2021 Board of Immigration Appeals decision referenced in his second section 1473.7 motion. This decision—issued after Calixto's 2020 plea—held that *Esquivel-Quintana* was limited to the removable offense of sexual abuse of a minor and did not affect the definition of "crime of child abuse," another basis for removal under 8 U.S.C. section 1227(a)(2)(E)(i). (*Matter of Aguilar-Barajas* (2021) 28 I. & N. Dec. 354, 357 (*Aguilar-Barajas*).) Calixto thus argues: "In this case, it was an error for Mr. Calixto not

to predict that the post plea interpretations in immigration law could cause serious immigration consequences."

To the extent that Calixto argues his failure to meaningfully understand the adverse immigration consequences of his plea was due to a later change in the law, this does not establish entitlement to relief under section 1473.7. Section 1473.7 is concerned with " 'the mindset of the defendant and what he or she understood—or didn't understand—at the time the plea was taken . . . .' " (*People v. Mejia* (2019) 36 Cal.App.5th 859, 866.) Failure to anticipate a postplea change in the law does not provide a basis for section 1473.7 relief.

However, Calixto also argues that his inability to meaningfully understand the adverse immigration consequences of his 2020 plea was caused by "complexities of immigration law" and that "he followed his attorney's advice." This can be construed to assert that Calixto failed to meaningfully understand the adverse immigration consequences of his 2020 plea based on an erroneous interpretation of the law as it existed at that time. The Attorney General concedes prejudicial error in this respect, and we agree.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." (8 U.S.C. § 1227(a)(2)(A)(iii).) "A noncitizen who is convicted of an aggravated felony is subject to mandatory deportation and permanent exclusion from the United States. [Citations.]" (*People v. Curiel* (2023) 92 Cal.App.5th 1160, 1174.)

In 2017, the United States Supreme Court in *Esquivel-Quintana* held that a plea to violating section 261.5(c) did not qualify for removal under one type of aggravated felony: "sexual abuse of a minor" as defined in 8 U.S.C. section 1101(a)(43)(A). (*Esquivel-Quintana*, *supra*, 581 U.S. at p. 388.) The court reasoned as follows: "[I]n the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16. Because the California statute at issue in this case

9

does not categorically fall within that definition, a conviction pursuant to it is not an aggravated felony under § 1101(a)(43)(A)." (*Id.* at pp. 390-391.)  The decision in *Esquivel-Quintana* was based on the definition of a "minor" in the "sexual abuse of a minor" provision, with the court concluding that this provision covered sexual acts including statutory rape, and that "the 'generic' age" of the victim for such offenses when the provision was enacted was 16 years old.  (*Id.* at p. 392.)

*Esquivel-Quintana* thus focused on one ground for removal:  sexual abuse of a minor.  Another statutory ground for removal involves a crime of child abuse.  Under 8 U.S.C. section 1227(a)(2)(E)(i):  "Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable."  In 2008, well before Calixto's 2020 plea, the Board of Immigration Appeals stated that the "crime of child abuse" provision "is the product of a significant expansion of the grounds of deportability and was aimed at facilitating the removal of child abusers in particular," and thus "it is our view that the term 'crime of child abuse' should be interpreted broadly in this context."  (*Matter of Velazquez-Herrera* (2008) 24 I. & N. Dec. 503, 509 (*Velazquez-Herrera*).)  The Board of Immigration Appeals thus interpreted the term "crime of child abuse" "broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation.  At a minimum, this definition encompasses convictions for offenses involving the infliction on a child of physical harm, even if slight; mental or emotional harm, including acts injurious to morals; *sexual abuse, including direct acts of sexual contact*, but also including acts that induce (or omissions that permit) a child to engage in prostitution, pornography, or other sexually explicit conduct; as well as any act that involves the use or exploitation of a child as an object of sexual gratification or as a tool in the commission of serious crimes, such as drug trafficking."  (*Id.* at p. 512, italics added, fn. omitted.)  Moreover, the Board of

Immigration Appeals held that such an offense is committed when the victim has not yet reached the age of 18 years. (*Ibid.*)

*Esquivel-Quintana* did not address when violation of a state statute constitutes a "crime of child abuse" under 8 U.S.C. section 1227(a)(2)(E)(i). Instead, the high court in *Esquivel-Quintana* addressed a different statutory ground for removal: sexual abuse of a minor. Thus, in 2021 the Board of Immigration Appeals in *Aguilar-Barajas* held that *Esquivel-Quintana* did not affect the definition of "crime of child abuse." The Board of Immigration Appeals held: "We do not assume that the [*Esquivel-Quintana*] Court would lightly extend its narrow holding regarding 'sexual abuse of a minor' to the distinct statutory phrase 'crime of child abuse' under [8 U.S.C. section 1227(a)(2)(E)(i)], which is not an aggravated felony and does not have the same structure as" the provision at issue in *Esquivel-Quintana*. (*Aguilar-Barajas*, *supra*, 28 I. & N. Dec. at p. 357.) The Board of Immigration Appeals concluded, consistent with its 2008 opinion in *Velazquez-Herrera*, that the "crime of child abuse" provision "covers a broader range of criminal conduct than the 'sexual abuse of a minor' aggravated felony provision." (*Aguilar-Barajas*, *supra*, at p. 358.)

Calixto has provided objective evidence establishing by a preponderance of the evidence that his conviction is legally invalid due to prejudicial error damaging his ability to meaningfully understand the actual or potential adverse immigration consequences of a conviction or sentence. (See *Espinoza*, *supra*, 14 Cal.5th at p. 316.) First, Calixto has demonstrated that he did not meaningfully understand the adverse immigration consequences of his plea. (§ 1437, subd. (a)(1).) In pleading no contest to the count alleging a violation of section 261.5(c), Calixto admitted to engaging in unlawful sexual intercourse with a minor who was more than three years younger than him. Under the Board of Immigration Appeals' definition in place since 2008, Calixto has demonstrated that his section 261.5 offense constituted a "crime of child abuse" and thus subjected him

11

to removal because he admitted to sexual abuse, including direct acts of sexual contact, toward a victim under the age of 18.

Counsel's declaration in the second section 1473.7 motion and the record at the time of the 2020 plea both demonstrate that Calixto's counsel advised Calixto that his plea to violating section 261.5(c) would not subject him to removal. Calixto does not allege that he received ineffective assistance of counsel in this regard, but section 1473.7, subdivision (a)(1) states that a finding of legal invalidity of a conviction under section 1473.7 need not include a finding of ineffective assistance of counsel. In addition, the fact that the trial court attempted to advise Calixto of the potential immigration consequences of his plea pursuant to section 1016.5 does not remedy the error. (See *People v. Padron* (2025) 109 Cal.App.5th 950, 962 ["it is . . . well established that the standard immigration advisement under section 1016.5 . . . does not replace the case-specific advice of counsel"].) The record demonstrates that Calixto flew to Mexico after his 2020 plea, an action inconsistent with that of a person who had been advised of his or her potential removability. (See *Espinoza*, *supra*, 14 Cal.5th at p. 320 [Espinoza "took an international commercial flight to the United States, which predictably required subjecting himself to the scrutiny of United States immigration officials, which is not consistent with the behavior of a person who understood that his convictions effectively ended his lawful resident status"].) Moreover, Calixto included a notice to appear before an immigration court as part of his section 1473.7 motion, establishing that his conviction "is currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization." (§ 1473.7, subd. (e)(1).) Calixto has thus established by a preponderance of the evidence that he did not meaningfully understand the adverse immigration consequences of his plea.

Second, consistent with the Attorney General's concession, we conclude that Calixto has established prejudice in that he has shown a reasonable probability that he would have rejected the plea if he had correctly understood its actual or potential

12

immigration consequences. (See *Espinoza*, *supra*, 14 Cal.5th at p. 319.) The transcript of Calixto's 2020 plea hearing establishes that immigration consequences were at the forefront of his decision to plead to violating section 261.5(c). The plea resulted from a negotiated resolution to an earlier motion Calixto filed under section 1473.7 to vacate his original conviction because he did not meaningfully understand the adverse immigration consequences of his original plea. When the trial court attempted to advise Calixto of the potential immigration consequences of his 2020 plea, Calixto's counsel interjected, stating the plea would not result in Calixto's removal and advisement under section 1016.5 was not warranted. The fact that Calixto's 2020 plea resulted from a negotiated resolution in light of his earlier section 1473.7 motion also indicates that the prosecution was open to a potential plea agreement that would not result in adverse immigration consequences for Calixto.

Calixto's second motion attached evidence of his long-standing ties to the United States, including his permanent resident status and that of his wife, and the citizenship of their two children born in the United States. Calixto's declaration did not state when he arrived in the United States, but the copy of Calixto's permanent resident card attached to his declaration stated that he has been a resident of the United States since 2014, and a declaration from Calixto's employer states that he has known Calixto since 1997. Birth certificates attached to Calixto's declaration reflect that the couple's children were born in the United States in 1998 and 2002. The trial court did not make any factual determinations regarding prejudice in its denial of the motion that would warrant deference from this court. Considering the totality of the circumstances, we accept the Attorney General's concession that Calixto has shown a reasonable probability that he would have rejected the plea and would have proceeded with his section 1473.7 motion to vacate his 2015 conviction if he had meaningfully understood the adverse immigration consequences of his plea.

13

Upon our independent review of this matter, Calixto has demonstrated prejudicial error occurred in his failure to meaningfully understand the adverse immigration consequences of his 2020 plea. Accordingly, the trial court erred by denying Calixto's section 1473.7 motion to vacate his 2020 conviction.

### III. DISPOSITION

The April 19, 2024 order denying Calixto's motion to vacate his conviction under Penal Code section 1473.7 is reversed. The case is remanded to the Superior Court of San Benito County with instructions to grant the motion, vacate the conviction, and permit Calixto to withdraw his plea and to enter a different plea.

_____
Greenwood, P. J.

WE CONCUR:

_____
 Grover, J.

_____
 Lie, J.

H052156 People v. Calixto